Filed 12/7/16; pub. order 1/3/17 (see end of opn.)

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| MARTINA HERNANDEZ, | |
| Plaintiff and Respondent, | E064026 |
| v. | (Super.Ct.No. RIC1404962) |
| ROSS STORES, INC., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Sharon J. Waters and Craig G. Riemer, Judges. Affirmed.

Wolflick & Simpson, David B. Simpson and Gregory D. Wolflick for Defendant and Appellant.

Law Offices of Neal J. Fialkow, Neal J. Fialkow and James S. Cahill for Plaintiff and Respondent.

Defendant and appellant Ross Stores, Inc. (Ross) appeals the denial of its motion to compel arbitration. Plaintiff and respondent Martina Hernandez was employed at a Ross warehouse in Moreno Valley. She filed a single-count representative action under

1

the California Private Attorney General Act, Labor Code section 2698 et. seq. (PAGA) alleging Ross had violated numerous Labor Code laws, and sought to recover PAGA civil penalties for the violations.

Ross insisted that Hernandez must first arbitrate her individual disputes showing she was an "aggrieved party" under PAGA and then the PAGA action could proceed in court. The trial court found, relying on *Iskanian v. CLS Transportation Los Angeles LLC* (2014) 59 Cal.4th 348, 387 (*Iskanian*) that the PAGA claim was a representative action brought on behalf of the state and did not include individual claims. As such, it denied the motion to compel arbitration because there were no individual claims or disputes between Ross and Hernandez that could be separately arbitrated.

On appeal, Ross raises the issue of whether under the Federal Arbitration Act (FAA) an employer and employee have the preemptive right to agree to individually arbitrate discreet disputes underlying a PAGA claim while leaving the PAGA claim and PAGA remedies to be collectively litigated under *Iskanian.* We uphold the trial court's denial of the motion to compel arbitration.

## FACTUAL AND PROCEDURAL HISTORY

A. <u>HERNANDEZ'S COMPLAINT</u>

Hernandez filed her Complaint for Violations Under the California Private Attorney General Act against Ross on May 13, 2014. Hernandez was hired on September 12, 2012, as a nonexempt, hourly-paid warehouse employee at a distribution center in Moreno Valley and worked there until she was terminated on September 4, 2014. Hernandez brought the action on behalf of all aggrieved employees, which was defined as

2

all former and current nonexempt hourly employees who worked at any of Ross's warehouses from December 2, 2012, to present, and their time was tracked by one or more electronic time management systems. Hernandez alleged that Ross violated Labor Code sections 201, 202, 203, 204, 510, 1194, 226, subdivision (a), and 1197, by failing to pay all appropriate wages, failing to properly itemize hours worked and paid, and failing to pay for overtime. Hernandez sought penalties under Labor Code sections 2698 and 2699 along with attorneys' fees and costs.

Ross sent a demand to Hernandez to arbitrate the claims as required under her employment agreement, which was rejected by Hernandez.

B.     ROSS'S MOTION TO COMPEL ARBITRATION

On April 28, 2015, Ross filed its Motion to Compel Arbitration of Covered "Disputes" and to Stay Further Proceedings (Motion). Ross moved pursuant to the FAA and the California Arbitration Act (CAA) to enforce the arbitration agreement as to all of Hernandez's pleaded and covered "disputes" and stay her PAGA action pending the outcome of binding arbitration on these "disputes."

Ross contended when Hernandez was hired, she agreed to resolve "*any disputes*" relating to her employment through binding arbitration and solely as an individual, not on a "collective" basis. The arbitration clause provided in pertinent part, "This Arbitration Policy . . . applies to any disputes, arising out of or relating to the employment relationship between an associate and Ross or between an associate and any of Ross' agents or employees, whether initiated by an associate or Ross. This Policy requires all

3

such disputes to be resolved only by an Arbitrator through final and binding arbitration." This included Labor Code violations.

Ross contended that Hernandez, in order to bring a PAGA action, had to show she was an aggrieved party. The determination of whether she was an aggrieved party necessarily involved the resolution of whether she was subject to a Labor Code violation. This was a "dispute" that must be arbitrated as it involved whether as an individual she was subject to the violation. Ross relied upon the language of the arbitration agreement which referred to "disputes" rather than entire "claims." The determination of the Labor Code violations was a "smaller unit of adjudication" that should be resolved by arbitration and the "claim" under PAGA could be resolved thereafter.

Ross distinguished *Iskanian* by insisting it did not foreclose arbitrating the disputes over the Labor Code violations and leaving the PAGA claims intact to be litigated in court. Ross contended that *Iskanian* allows for arbitration of private disputes between employers and employees over their respective rights and obligations toward each other.

C.    HERNANDEZ'S OPPOSITION TO THE MOTION TO COMPEL
       ARBITRATION

Hernandez filed opposition to the Motion. Hernandez argued that *Iskanian* was dispositive. Hernandez noted that *Iskanian* held an employer cannot use an arbitration agreement that forced an employee to waive his or her rights to pursue a PAGA action. A PAGA action was not a dispute between the employer and the employee but rather between the state and employer. Arbitration of the Labor Code violations was not

4

appropriate. The PAGA claim was fundamentally different from an employee's private claims.

D.    ROSS'S REPLY TO THE OPPOSITION

Ross replied to the opposition arguing that the employment contract Hernandez signed included an agreement to arbitrate all labor disputes. Ross argued that the arbitration agreement was unique in using the language "disputes" rather than "claims." Ross insisted *Iskanian* supported that private disputes between employers and employees could be arbitrated even though there was a PAGA claim.

E.    TRIAL COURT'S ORDER DENYING THE MOTION

The trial court denied the motion on May 20, 2015. It held as follows: "Plaintiff alleges a single, representative PAGA claim in the Complaint and requests relief in the form of PAGA penalties. She does not allege separate causes of action seeking damages for Labor Code violations. *Iskanian* made clear that 'every PAGA action, whether seeking penalties for Labor Code violations as to only one aggrieved employee—the plaintiff bringing the action—or as to other employees as well, is a representative action on behalf of the state.' As such, 'an action to recover civil penalties "is fundamentally a law enforcement action designed to protect the public and not to benefit private parties."' The 'employee plaintiff represents the same legal right and interest as a state labor law enforcement agencies' and 'an aggrieved employee's action under the PAGA functions as a substitute for an action brought by the government itself.' (*Iskanian,* 59 Cal.4th at 397. . . .) Therefore, there are no individual claims or 'disputes' between Plaintiff and Defendant that can be separately arbitrated. Motion is denied."

Notice of the ruling was given by Hernandez.  A timely notice of appeal was failed by Ross.  The parties stipulated to staying the proceedings pending the outcome of this appeal.

## DISCUSSION

Ross contends on appeal that the disputes regarding whether Hernandez was an "aggrieved party" under PAGA based on Labor Code violations committed against her, must be the subject of arbitration based on the employment contract signed by Hernandez.  The PAGA claim is appropriately stayed and determined after the individual disputes are resolved in arbitration.

Both the CAA and the FAA recognize """"arbitration as a speedy and relatively inexpensive means of dispute resolution"""" (*Saint Agnes Medical Center v. PacifiCare of California* (2003) 31 Cal.4th 1187, 1204) and require that agreements to arbitrate be rigorously enforced (*Shearson/American Express, Inc. v. McMahon* (1987) 482 U.S. 220, 226).

"Code of Civil Procedure section 1281.2 requires a trial court to grant a petition to compel arbitration 'if [the court] determines that an agreement to arbitrate the controversy exists.' (Code Civ. Proc., § 1281.2.)  Accordingly, '"when presented with a petition to compel arbitration the trial court's first task is to determine whether the parties have in fact agreed to arbitrate the dispute. [¶] . . ." [Citation.]' [Citations.]  'A party seeking to compel arbitration has the burden of proving the existence of a valid agreement to arbitrate.  [Citations.]  Once that burden is satisfied, the party opposing

6

arbitration must prove by a preponderance of the evidence any defense to the petition.'"

(*Avery v. Integrated Healthcare Holdings, Inc.* (2013) 218 Cal.App.4th 50, 59.)

The denial of a motion to compel arbitration is an appealable order. (See

*Valentine Capital Asset Management, Inc. v. Agahi* (2009) 174 Cal.App.4th 606, 613.) If

the trial court's decision to deny a motion to compel arbitration is based solely on a

decision of law, a de novo standard of review is employed. (*Robertson v. Health Net of*

*California, Inc.* (2005) 132 Cal.App.4th 1419, 1425; see also *Laswell v. AG Seal Beach,*

*LLC* (2010) 189 Cal.App.4th 1399, 1406.)

Here, the contract signed by Hernandez included an arbitration clause. It required

that all disputes "arising out of or relating to the employment relationship" including

violations of the "Fair Labor Standards Act" must be resolved only through arbitration. It

further provided "there will be no right or authority for any dispute to be brought, heard

or arbitrated as a class action, private attorney general, or in a representative capacity on

behalf of any person." Such waiver is unenforceable, as stated in *Iskanian*.

In *Iskanian*, *supra*, 59 Cal.4th 348, an employee sought to bring a PAGA action

for the employer's failure to properly compensate its employees for overtime, meals and

rest periods. (*Id.* at p. 359.) The employment agreement included a clause, similar to the

one above, that the employee as a condition of his employment must waive his right to

bring representative PAGA actions. (*Id.* at pp. 360-361, 378.)

The *Iskanian* court first noted under PAGA, "'an "aggrieved employee" may bring

a civil action personally and on behalf of other current or former employees to recover

civil penalties for Labor Code violations. [Citation.] Of the civil penalties recovered, 75

7

percent goes to the Labor and Workforce Development Agency, leaving the remaining 25 percent for the "aggrieved employees.""" (*Iskanian*, *supra*, 59 Cal.4th at p. 380.) The court then noted that an employee suing under PAGA does so as the "'proxy or agent of the state's labor law enforcement agencies . . . .'" (*Id.* at p. 380.) The court concluded that "an employee's right to bring a PAGA action is unwaivable" and "a PAGA claim lies outside the FAA's coverage because it is not a dispute between an employer and an employee arising out of their contractual relationship. It is a dispute between and employer and the *state* . . . ." (*Id.* at pp. 383, 386.)

After *Iskanian*, *Williams v. Superior Court* (2015) 237 Cal.App.4th 642 (*Williams*) was decided. In that case, the employee brought a single representative action against his employer under PAGA for alleged rest period violations under the Labor Code. The employer moved to enforce the employee's waiver of his right to assert a representative PAGA claim, "or alternatively, for an order staying the PAGA claim, but sending the 'individual claim'" that the employee had been subjected to Labor Code violations to arbitration pursuant to the written employment agreement. (*Id.* at pp. 644-645.) The trial court found the PAGA waiver unenforceable, relying on *Iskanian*. (*Williams*, at pp. 645-646.) However, the trial court found "that [the employee] must submit the 'underlying controversy' to arbitration for a determination whether he is an 'aggrieved employee' under the Labor Code with standing to bring a representative PAGA claim." (*Id.* at p. 649.)

On appeal, the *Williams* court concluded that "case law suggests that a single representative PAGA claim *cannot* be split into an arbitrable individual claim and a

8

nonarbitrable representative claim." (*Williams*, *supra*, 237 Cal.App.4th at p. 649.) It concluded that the employee, "cannot be compelled to submit any portion of his representative PAGA claim to arbitration, including whether he was an 'aggrieved employee.'" (*Ibid.*)

Based on the above cases, the dispute between Ross and Hernandez is not a dispute between the employer and employee. Rather, this is a representative action and Hernandez is acting on behalf of the state. This dispute does not involve an individual claim by Hernandez regarding the Labor Code violations but rather an action brought for civil penalties under PAGA for violating the Labor Code. There are no "disputes" between the employer and employee as stated in the arbitration policy. The trial court properly determined it had no authority to order arbitration of the PAGA claim.

Moreover, we find *Williams* persuasive that determination of whether the party bringing the PAGA action is an aggrieved party should not be decided separately by arbitration. Ross attempts to distinguish *Williams* by arguing it is not binding precedent, the arbitration clause in this case uses the words "dispute" rather than "claim," and that Ross is not trying to move the entire PAGA claim to arbitration. However, the use of "dispute" rather than "claim" in the arbitration agreement is really a distinction without a difference. The term "dispute" is clearly intended in the agreement to refer to all claims, disputes, and actions brought by the employee against the employer for personal Labor Code violations. Again, this case involves a dispute, claim or action brought on behalf of the *state* by Hernandez. Hernandez did not allege any individual claims or disputes.

There is no authority supporting Ross's argument that an employer may legally compel an employee to arbitrate the individual aspects of his PAGA claim while maintaining the representative claim in court. Moreover, requiring an employee to litigate a PAGA claim in multiple forums would thwart the public policy of PAGA to "empower employees to enforce the Labor Code" on behalf of the state. (*Securitas Security Services USA, Inc. v. Superior Court* (2015) 234 Cal.App.4th 1109, 1122.) The trial court properly denied the Motion.

## DISPOSITION

The trial court's order denying the motion to compel arbitration is affirmed. Costs of the appeal are awarded to Hernandez as the prevailing party.

MILLER _____

J.

We concur:

HOLLENHORST _____

Acting P. J.

SLOUGH _____

J.

10

Filed 1/3/17

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| MARTINA HERNANDEZ,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROSS STORES, INC.,<br><br>    Defendant and Appellant. | E064026<br><br>(Super.Ct.No. RIC1404962)<br><br>The County of Riverside |

THE COURT

    A request having been made to this court pursuant to California Rules of Court, rule 8.1105, for publication of a nonpublished opinion filed in the above entitled matter on December 7, 2016, and it appearing that the opinion meets the standard for publication as specified in California Rules of Court, rule 8.1105(c),

    IT IS ORDERED that said opinion be certified for publication pursuant to California Rules of Court, rule 8.1105(b).

    CERTIFIED FOR PUBLICATION

MILLER
                                                        J.

We concur:

HOLLENHORST
             Acting P. J.

SLOUGH
             J.

1