NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 3 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| PLACIDO VALDEZ, on behalf of himself and others similarly situated, | No. 15-56236 |
| Plaintiff-Appellee, | D.C. No. 2:14-cv-09748-DDP-E |
| v. | |
| TERMINIX INTERNATIONAL COMPANY LIMITED PARTNERSHIP, DBA Antimite Termite and Pest Control, a Delaware Limited Partnership, | MEMORANDUM * |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted February 16, 2017**
Pasadena, California

Before: M. SMITH and OWENS, Circuit Judges, and HELLERSTEIN,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Alvin K. Hellerstein, United States Senior District Judge for the Southern District of New York, sitting by designation.

Defendant-Appellant Terminix International Company Limited Partnership (Terminix) appeals from the district court's order denying its motion to dismiss or compel arbitration of Plaintiff-Appellee Placido Valdez's representative claim under California's Private Attorneys General Act (PAGA). We have jurisdiction pursuant to 9 U.S.C. § 16(a)(1)(B) and our review is de novo. *See Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 429 (9th Cir. 2015). We reverse the portion of the district court's order denying the motion to compel arbitration of the PAGA claim, and remand to the district court to consider whether to dismiss or stay the action pending arbitration.

Terminix insists that the district court should have dismissed the PAGA claim for three reasons. First, Terminix contends that the Federal Arbitration Act (FAA) preempts California's rule that a waiver of the right to bring a PAGA claim is invalid (the *Iskanian* rule). *See Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal. 4th 348 (2014). That argument fails, however, in light of our recent decision in *Sakkab*. There, we held that "the *Iskanian* rule does not stand as an obstacle to the accomplishment of the FAA's objectives, and is not preempted." *Sakkab*, 803 F.3d at 427.

Next, Terminix contends that if *Sakkab* applies, "its reasoning is questionable" in light of *DIRECTV, Inc. v. Imburgia*, 136 S. Ct. 463 (2015). Specifically, Terminix argues that in light of *Imburgia*, *Iskanian*'s rule must be

preempted "because it relies on an arbitration-specific contract defense." That aspect of *Imburgia*, however, did not announce new law. Rather, it evinces a garden-variety application of the FAA preemption test. Like *Imburgia*, moreover, *Sakkab* correctly applied existing precedent regarding the FAA's "savings clause." *Sakkab* acknowledged that the relevant state defense—the *Iskanian* rule—"must be a 'ground[] . . . for the revocation of *any contract*." 803 F.3d at 432 (quoting 9 U.S.C. § 2). It concluded "that the *Iskanian* rule is a 'generally applicable' contract defense," *id.* at 433, because it "bars *any* waiver of PAGA claims, regardless of whether the waiver appears in an arbitration agreement or a non-arbitration agreement," *id.* at 432 (emphasis added). Terminix's argument that *Imburgia* casts doubt on *Sakkab* is thus meritless.

Finally, Terminix contends that the district court erred in concluding that PAGA claims categorically cannot proceed to arbitration. The district court reasoned that a PAGA claim "belongs to the state, and the state has not waived the judicial forum," even where a private employee signs an employment contract requiring that PAGA claims be pursued in arbitration.

The district court's holding on this point is incorrect.[1] *Iskanian* and *Sakkab* clearly contemplate that an individual employee can pursue a PAGA claim in

---

[1] We note that the district court did not have the benefit of our opinion in *Sakkab* when it decided this case.

arbitration, and thus that individual employees can bind the state to an arbitral forum. To start, *Iskanian* recognized that although "[t]he government entity on whose behalf the plaintiff files suit is always the real party in interest in the suit," 59 Cal. 4th at 382, "the judgment in a PAGA representative action is binding not only on the named employee plaintiff but also on government agencies and any aggrieved employee not a party to the proceeding," *id.* at 380 (quotation marks and alterations omitted). Employees can bind government agencies because they "represent[] the same legal right and interest" as the government in PAGA proceedings. *Id.* at 380 (quoting *Arias v. Superior Court*, 46 Cal. 4th 969, 986 (2009)). Indeed, "[a]n employee plaintiff suing . . . under the PAGA does so as the proxy *or agent* of the state's labor law enforcement agencies." *Id.* (emphasis added) (quoting *Arias*, 46 Cal. 4th at 986). Accordingly, an individual employee, acting as an agent for the government, can agree to pursue a PAGA claim in arbitration. *Iskanian* does not require that a PAGA claim be pursued in the judicial forum; it holds only that a complete waiver of the right to bring a PAGA claim is invalid. *See, e.g., id.* at 391 (concluding that "Iskanian must proceed with bilateral arbitration on his individual damages claims, and CLS must answer the representative PAGA claims *in some forum*" (emphasis added)).

Sakkab* likewise recognized that individual employees may pursue PAGA claims in arbitration. *See, e.g., Sakkab*, 803 F.3d at 436 ("[T]here is no need to

protect absent employees' due process rights in PAGA arbitrations."); *id.* at 438 ("[W]hether arbitration of representative PAGA actions is likely to 'generate procedural morass' depends, first and foremost, on the procedures the parties select."). We have also upheld district court decisions compelling arbitration of PAGA claims. *See, e.g.*, *Wulfe v. Valero Ref. Co.-Cal.*, 641 F. App'x 758, 760 (9th Cir. 2016) ("The district court did not err in compelling arbitration of Wulfe's [PAGA] claim.").

Given that PAGA claims are eligible for arbitration, we must decide if the PAGA claim here falls within the scope of the arbitration clause. It does. The parties mutually agreed "to arbitrate covered Disputes." That clause of the parties' agreement applies even after the representative action waiver is severed. *See* ER 114 (stating that, in the event that a Plan provision is severed, "[a]ll remaining provisions shall remain in full force and effect"). Additionally, since the PAGA claim "relat[es] to [Valdez's] employment relationship with the Company," and arises under a "state" "employment related law[]," it constitutes a covered dispute. *See* ER 111. The district court therefore erred by denying the motion to compel arbitration of the PAGA claim.[2]

**REVERSED and REMANDED.**

---

[2] Valdez's request for judicial notice is denied. *See* Dkt. No. 18.