Filed 8/25/20  Nazanen v. Lincoln Property CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JAMILI NAZANEN, | |
| Plaintiff and Respondent, | G057544 |
| v. | (Super. Ct. No. 30-2017-00962959) |
| LINCOLN PROPERTY CO., ECW et al., | O P I N I O N |
| Defendants and Appellants. | |

Appeal from an order of the Superior Court of Orange County, Glenda Sanders, Judge.  Affirmed.

Littler Mendelson, Alaya B. Meyers, Oliver B. Dreger and Michael L. Kibbe for Defendants and Appellants.

Matern Law Group, Matthew J. Matern, Dalia R. Khalili, Kiran Prasad, Shooka Dadashzadeh and Julia Wells for Plaintiff and Respondent.

\*          \*          \*

Plaintiff Jamili Nazanen filed a lawsuit against defendants Lincoln Property Co., ECW (Lincoln Property) and Lincoln Apartment Management Limited Partnership (collectively defendants) asserting a single cause of action under the Private Attorneys General Act of 2004 (the PAGA). (Lab. Code, § 2698 et seq.)[1] Defendants moved to compel individual arbitration of the PAGA claim. The trial court denied the motion on grounds PAGA claims cannot be compelled to arbitration under *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348 (*Iskanian*). Defendants appeal this ruling, primarily arguing that *Iskanian* has been overruled by *Epic Systems Corp. v. Lewis* (2018) 138 S.Ct. 1612 (*Epic*).

We disagree. The United States Supreme Court examined a different issue in *Epic*, so we are bound by *Iskanian*. Further, we agree with other California Courts of Appeal that have found PAGA claims cannot be compelled to arbitration without the state's consent, which has not been given here. Finally, we reject defendants' contention that the trial court erred by failing to compel certain factual issues to arbitration. A PAGA claim cannot be severed into arbitrable and nonarbitrable portions. Accordingly, we affirm the trial court's order.

I

FACTS

Defendants operate and oversee residential communities across the nation. Plaintiff alleges she was employed by defendants as a leasing manager from November 2015 to December 2016. She filed this lawsuit against them in December 2017 and then filed an amended complaint in June 2018. The amended complaint alleged a single cause

---

[1] Further undesignated statutory references are to the Labor Code.

of action for civil penalties under the PAGA arising from various violations of the Labor Code.[2]

In November 2018, defendants moved to compel individual arbitration of plaintiff's PAGA claim under an arbitration agreement she had accepted as a condition of employment. The arbitration agreement stated "any claims or causes of action between [plaintiff] and [Lincoln Property], or any of its employees or agents, that arise in any way from or relate in any way to [plaintiff's] employment or termination from employment with [Lincoln Property] . . . will be determined exclusively by final and binding arbitration." It also specified, "[t]*he arbitrator will only have authority to hear each employee's individual claims and will not have the authority to (i) consolidate the claims of other employees, (ii) fashion a proceeding as a class or collective action, or (iii) award relief to a group or class of employees in one arbitration proceeding. Neither* [Lincoln Property] *nor you will pursue any claim against the other as a member or representative of a class.*"[3]

In their motion, defendants recognized that *Iskanian* precluded them from compelling plaintiff's PAGA claim to arbitration on an individual basis. But they argued this portion of *Iskanian* had been effectively overruled by the United States Supreme Court in *Epic* and was incompatible with the Federal Arbitration Act (the FAA). In the alternative, defendants asserted the trial court should compel certain underlying factual

---

[2] The specific violations are as follows: (a) failure to provide meal periods (§§ 226.7, 512); (b) failure to provide rest periods (§ 226.7); (c) failure to pay overtime (§§ 510, 1194, 1198); (d) failure to pay minimum wage (§§ 1194, 1197); (e) failure to timely pay wages (§ 204); (f) failure to pay all wages upon separation (§§ 201-203); (g) failure to maintain required records (§§ 226, subd. (a), 1174, subd. (d)); (h) failure to provide accurate wage statements (§ 226, subd. (a)); and (i) failure to indemnify for business expenses (§ 2802).

[3] The arbitration agreement also applied to Lincoln Property's "parents, subsidiaries, partners, members and managers (in the case of a limited liability company), and affiliated entities."

issues to arbitration, including whether plaintiff was employed by both defendants. Lincoln Property contended it was plaintiff's sole employer. In opposition, plaintiff contended that *Epic* did not overrule *Iskanian*, that the FAA did not apply to the arbitration agreement, that defendants had waived their right to arbitration, and that the agreement was unconscionable.

The trial court denied defendants' motion, finding *Epic* had not overruled *Iskanian*, and, consequently, plaintiff's PAGA claim was not arbitrable. It did not address plaintiff's other arguments.

Defendants appeal the trial court's order denying their motion to compel arbitration. (Code Civ. Proc., § 1294, subd. (a).) They maintain the "foundation of [their] appeal" is "that *Iskanian* is no longer good law because it was overruled by the United States Supreme Court in *Epic Systems*."

II

DISCUSSION

*A. Applicable Law*

Generally, the standard of review for a denial of a motion to compel arbitration depends on the issues presented on appeal. If the denial is based on findings of fact, the substantial evidence standard is applied. When the denial is based on an issue of law, the ruling is reviewed de novo. (*Julian v. Glenair, Inc.* (2017) 17 Cal.App.5th 853, 864 (*Julian*).) Here, the trial court denied defendants' motion based on an issue of law, specifically, that plaintiff's PAGA claim was not arbitrable under *Iskanian*. Thus, our review is de novo.

This appeal also raises issues of stare decisis. "The decisions of [the California Supreme Court] are binding upon and must be followed by all the state courts of California. . . . Courts exercising inferior jurisdiction must accept the law declared by courts of superior jurisdiction. It is not their function to attempt to overrule decisions of a

4

higher court." (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) "On federal questions, intermediate appellate courts in California must follow the decisions of the California Supreme Court, unless the United States Supreme Court has decided the same question differently." (*Correia v. NB Baker Electric, Inc.* (2019) 32 Cal.App.5th 602, 619 (*Correia*).)

*B. Iskanian and Epic*

In *Iskanian*, the California Supreme Court held that "an employee's right to bring a PAGA action is unwaivable." (*Iskanian*, *supra*, 59 Cal.4th at p. 383.) "[W]here . . . an employment agreement compels the waiver of representative claims under the PAGA, it is contrary to public policy and unenforceable as a matter of state law." (*Id*. at p. 384.) "[T]he Legislature's purpose in enacting the PAGA was to augment the limited enforcement capability of the [Labor and Workforce Development] Agency by empowering employees to enforce the Labor Code as representatives of the Agency. Thus, an agreement by employees to waive their right to bring a PAGA action serves to disable one of the primary mechanisms for enforcing the Labor Code." (*Id*. at p. 383.)

*Iskanian* also determined that these findings did not interfere with the FAA. "A PAGA representative action is . . . a type of *qui tam* action." (*Iskanian*, *supra*, 59 Cal.4th at p. 382, italics added.) "The government entity on whose behalf the plaintiff files suit is always the real party in interest in the suit." (*Ibid*.) "[A]lthough qui tam citizen actions on behalf of the government were well established at the time the FAA was enacted [citation], there is no mention of such actions in the legislative history and no indication that the FAA was concerned with limiting their scope." (*Id*. at p. 385.)

Moreover, "a PAGA claim lies outside the FAA's coverage because it is not a dispute between an employer and an employee arising out of their contractual relationship. *It is a dispute between an employer and the state*, which alleges directly or through its agents—either the [Labor and Workforce Development] Agency or aggrieved

5

employees—that the employer has violated the Labor Code." (*Iskanian*, *supra*, 59 Cal.4th at pp. 386-387, italics added.) "Representative actions under the PAGA, unlike class action suits for damages, do not displace the bilateral arbitration of private disputes between employers and employees over their respective rights and obligations toward each other. Instead, they directly enforce *the state's* interest in penalizing and deterring employers who violate California's labor laws." (*Id*. at p. 387.)

A few years after *Iskanian*, the United States Supreme Court decided *Epic*. In *Epic*, multiple plaintiffs brought separate class action claims against their respective employers under the federal Fair Labor Standards Act (FLSA) and related state laws. The employers sought to compel individual arbitration of these claims under agreements that required individualized arbitration of employee disputes. (*Epic*, *supra*, 138 S.Ct. at pp. 1616, 1619-1620.) The employees argued "the NLRA [(National Labor Relations Act)] render[ed] their particular class and collective action waivers illegal." (*Id*. at p. 1622.)[4] As such, they claimed the arbitration agreements were unenforceable under the FAA's "saving clause," "which allows courts to refuse to enforce arbitration agreements 'upon such grounds as exist at law or in equity for the revocation of any contract.'" (*Id*. at p. 1616, quoting 9 U.S.C. § 2.)

The Supreme Court disagreed with the employees. It found "the saving clause recognizes only defenses that apply to 'any' contract. . . . [T]he clause offers no refuge for 'defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue.'" (*Epic*, *supra*, 138 S.Ct. at p. 1622.) The employees' argument failed because "they object[ed] to their agreements precisely because they require[d] individualized arbitration proceedings instead of class or

---

[4] The NLRA guarantees employees "the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection . . . ." (29 U.S.C. § 157.)

collective ones. And by attacking (only) the individualized nature of the arbitration proceedings, the employees' argument [sought] to interfere with one of arbitration's fundamental attributes." (*Ibid.*)

We are not persuaded that *Epic* overruled *Iskanian*.

Our colleagues in Division One of this District recently rejected this argument, finding *Epic* and *Iskanian* addressed different issues. We agree with their analysis: "*Iskanian* held a ban on bringing PAGA actions in any forum violates public policy and that this rule is not preempted by the FAA because the claim is a governmental claim. [Citation.] *Epic* did not consider this issue and thus did not decide the *same* question differently. [Citation.] *Epic* addressed a different issue pertaining to the enforceability of an individualized arbitration requirement against challenges that such enforcement violated the NLRA." (*Correia*, *supra*, 32 CalApp.5th at pp. 619-620.) *Epic* involved claims brought "*on behalf of other employees* under the FLSA or federal class action procedures." (*Ibid.*) In contrast, a PAGA claim involves an "employee . . . deputized by the state to bring [a] qui tam claim *on behalf of the state, not on behalf of other employees.*" (*Ibid.*)[5]

Further, over a year after *Epic* was decided, the California Supreme Court reaffirmed *Iskanian* in *ZB, N.A. v. Superior Court* (2019) 8 Cal.5th 175. At issue in *ZB* was "whether an employer may compel arbitration of an employee's PAGA claim requesting unpaid wages under section 558." (*Id*. at p. 184.) *ZB* said no, concluding that a plaintiff cannot seek such unpaid wages under the PAGA. (*Id*. at pp. 181-182.) Throughout the opinion, *ZB* freely cited *Iskanian* with approval: "In *Iskanian*, we

---

[5] Division Two of this District recently reached the same conclusion as *Correia*: "*Epic* . . . does not undermine *Iskanian*'s . . . characterization of PAGA claims as law enforcement actions in which plaintiffs step into the shoes of the state." (*Collie v. The Icee Company et al.* (2020) 52 Cal.App.5th 477, 483.) *Collie* also noted that a predispute PAGA waiver "is unenforceable for a reason that does apply to any contract: [the employer] cannot enforce a contractual provision to bind a nonparty." (*Ibid.*)

declared unenforceable as a matter of state law an employee's predispute agreement waiving the right to bring these representative PAGA claims. Requiring employees to forgo PAGA claims in this way contravenes public policy by 'serv[ing] to disable,' through private agreement, one of the state's 'primary mechanisms' for enforcing the Labor Code. [Citation.] We then concluded the FAA did not preempt this rule or otherwise require enforcement of such a waiver in an arbitration agreement." (*Id*. at p. 185.) "*Iskanian* established an important principle: employers cannot compel employees to waive their right to enforce the state's interests when the PAGA has empowered employees to do so." (*Id*. at p. 197.)

Because we do not believe *Iskanian* has been overruled, we must follow it. (*Correia*, *supra*, 32 Cal.App.5th at p. 619.)

### C. Arbitrability of the PAGA Claim

Defendants also argue that even if *Iskanian* is still good law, it does not bar PAGA claims from arbitration. Rather, they assert *Iskanian* only prohibits the "enforcement of agreements that waive *all* rights to pursue a PAGA claim." Defendants urge us to follow federal opinions that have found PAGA claims to be arbitrable, such as *Valdez v. Terminix Intern. Co. Ltd. Partnership* (9th Cir. 2017) 681 Fed. Appx. 592, 594-595 (*Valdez*).

It is true that *Iskanian* does not explicitly bar PAGA claims from arbitration. (*Iskanian*, *supra*, 59 Cal.4th at pp. 391-392; *Correia*, *supra*, 32 Cal.App.5th at pp. 609, 621-622.) Still, we agree with the other California Courts of Appeal that have addressed this issue. To our knowledge, all have found that a PAGA claim cannot be compelled to arbitration without the state's consent: "Because a PAGA plaintiff, whether suing solely on behalf of himself or herself or also on behalf of other employees, acts as a proxy for the state only with the state's acquiescence (see § 2699.3) and seeks civil penalties largely payable to the state via a judgment that will be binding on the state, the

8

PAGA claim cannot be ordered to arbitration without the state's consent." (*Tanguilig v. Bloomingdale's, Inc.* (2016) 5 Cal.App.5th 665, 678; see *Collie v. The Icee Company et al.*, *supra*, 52 Cal.App.5th at p. 483; *Bautista v. Fantasy Activewear, Inc.* (2020) 52 Cal.App.5th 650, 657-658; *Correia*, *supra*, 32 Cal.App.5th at p. 622; *Julian*, *supra*, 17 Cal.App.5th at p. 872; *Betancourt v. Prudential Overall Supply* (2017) 9 Cal.App.5th 439, 445-446.)

In *Valdez*, an unpublished opinion, the Ninth Circuit reversed the district court's denial of a motion to compel a PAGA claim to arbitration. It reasoned that "[e]mployees can bind government agencies because they 'represent[] the same legal right and interest' as the government in PAGA proceedings. [Citation.] Indeed, '[a]n employee plaintiff suing . . . under the PAGA does so as the proxy *or agent* of the state's labor law enforcement agencies.' [Citations.] Accordingly, an individual employee, acting as an agent for the government, can agree to pursue a PAGA claim in arbitration." (*Valdez*, *supra*, 681 Fed. Appx. at p. 594.)

But, as pointed out in *Correia*, *Valdez* failed to appreciate that under the PAGA statutory scheme, the plaintiff does not assume this proxy role until it is an "'aggrieved employee.'" (§ 2699, subds. (a), (c).) "When an employee signs a predispute arbitration agreement, he or she is signing the agreement solely on his or her own behalf and not on behalf of the state or any other third party. Thus, the agreement cannot be fairly interpreted to constitute a waiver of the state's rights to bring a PAGA penalties claim in court (through a qui tam action by its deputized employee)." (*Correia*, *supra*, 32 Cal.App.5th at pp. 623-624; see *Julian*, *supra*, 17 Cal.App.5th at p. 872 ["[A]n arbitration agreement executed before an employee meets the statutory requirements for commencing a PAGA action does not encompass that action. Prior to satisfying those requirements, an employee enters into the agreement as an individual, rather than as an agent or representative of the state"].)

Defendants claim the notion an employee can just file a PAGA claim to evade a binding agreement to exclusively arbitrate their claims is irreconcilable with *Epic*. We disagree. As set forth above, a PAGA action is not a dispute between an employer and an employee but one between an employer and the state. A PAGA lawsuit "'"is fundamentally a law enforcement action designed to protect the public and not to benefit private parties . . . ."'" (*Iskanian*, *supra*, 59 Cal.4th at p. 387.) In a PAGA action, the plaintiff is not repudiating the arbitration agreement. Instead, the plaintiff is acting in a different capacity, as a proxy of the state, to enforce provisions of the Labor Code on behalf of the state. (*Julian*, *supra*, 17 Cal.App.5th at pp. 871-872.) As stated above, *Epic* did not consider this issue and does not control here. Further, this proxy role is not merely a legal fiction, as defendants suggest. This is evident from the manner in which civil penalties are allocated, with 75 percent going to the state and only 25 percent going to the "aggrieved employees." (*Iskanian*, at pp. 386-387.) "Relief under PAGA is designed primarily to benefit the general public, not the party bringing the action." (*Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73, 81.)

Defendants also appear to argue that PAGA claims have a dual nature. Though a PAGA claim is representative, defendants insist it also involves an individual claim asserted by the employee against the employer. They suggest this individual aspect of the claim should be arbitrable. This theory was recently rejected by the California Supreme Court, which found "[a]lthough representative in nature, a PAGA claim is not simply a collection of individual claims for relief . . . . *There is no individual component to a PAGA action* because '"every PAGA action . . . is a representative action on behalf of the state."' [Citation.] Plaintiffs may bring a PAGA claim *only* as the state's designated proxy, suing on behalf of *all* affected employees." (*Kim v. Reins International California, Inc.*, *supra*, 9 Cal.5th at pp. 86-87, first italics added; *id*. at p. 88 ["Standing for . . . PAGA[-]only cases cannot be dependent on the maintenance of an individual claim because individual relief has not been sought"].)

10

Finally, defendants cite federal decisions from the Southern District of Ohio and the Fourth Circuit for the proposition that qui tam statutes are not categorically excluded from arbitration. We are not bound by these cases. Nor do we find them persuasive since they did not involve PAGA claims.

*D. Severing Issues of Fact*

Even if the PAGA claim cannot be arbitrated, defendants contend the trial court erred by refusing to send certain factual issues to arbitration, specifically, whether both defendants were plaintiff's employer. Defendants believe arbitration of this issue is proper because it is within the arbitration agreement's scope and resolution of this issue does not involve the substantive Labor Code violations.

In other words, defendants seek a determination as to whether plaintiff is an "aggrieved employee" of both defendants. (§ 2699, subd. (c) [an "'aggrieved employee'" is a "person who was employed by the alleged violator and against whom one or more of the alleged violations was committed"].) However, a "single cause of action under PAGA cannot be split into an arbitrable 'individual claim' and a nonarbitrable representative claim." (*Williams v. Superior Court* (2015) 237 Cal.App.4th 642, 645 (*Williams*).) This includes a "determination of whether the party bringing the PAGA action is an aggrieved party," which "should not be decided separately by arbitration." (*Hernandez v. Ross Stores, Inc.* (2016) 7 Cal.App.5th 171, 178 (*Hernandez*).) Indeed, "California law prohibits the enforcement of an employment agreement provision that requires an employee to individually arbitrate whether he or she qualifies as an 'aggrieved employee' under the PAGA, and then (if successful) to litigate the remainder of the 'representative action in the superior court.'" (*Perez v. U-Haul Co. of California* (2016) 3 Cal.App.5th 408, 421 (*Perez*).) A plaintiff "cannot be compelled to submit any portion of [their] representative PAGA claim to arbitration, including whether [they] were] an 'aggrieved employee.'" (*Williams*, at p. 649.)

11

*E. Defendants' Other Arguments*

Defendants make several other arguments in favor of severing the issue of plaintiff's employer and compelling it to arbitration. None are persuasive.

Citing *Franco v. Arakelian Enterprises, Inc.* (2015) 234 Cal.App.4th 947, 966, defendants proclaim that "courts have signaled a willingness to apply the arbitrator's findings of fact to non-arbitrable claims." But this case is inapposite. The plaintiff in *Franco* asserted individual claims and a PAGA claim. The court ordered the individual claims to arbitration and stayed the PAGA claim. (*Id.* at pp. 965-966.) Here, plaintiff asserted no individual claims, only a single cause of action under the PAGA.

Next, defendants cite a section of *Correia*, which states, "under the PAGA statutory scheme, the plaintiff does not assume [the role as the state's proxy] until it is an "'aggrieved employee.'"" (*Correia*, *supra*, 32 Cal.App.5th at pp. 623-624.) They appear to believe this statement means that no PAGA claim exists until a plaintiff has been adjudicated to be an "aggrieved employee." From this, they conclude a plaintiff's status as an "aggrieved employee" is separate from the PAGA claim and can be determined in arbitration.

As stated above, numerous courts have rejected defendants' argument. (See, e.g., *Hernandez*, *supra*, 7 Cal.App.5th at p. 178; *Perez*, *supra*, 3 Cal.App.5th at p. 421; *Williams*, *supra*, 237 Cal.App.4th at p. 649.) Moreover, nothing in *Correia* suggests that a plaintiff must be found to be an "aggrieved employee" before proceeding with their PAGA claim. The section of *Correia* cited by defendants does not mean "aggrieved employee" analysis is separate from, and must occur prior to, determining the merits of a PAGA claim. Rather, it was only explaining that an employee is not acting as a proxy of the state when they sign a predispute arbitration agreement, so the state is not bound by that agreement. (*Correia*, *supra*, 32 Cal.App.5th at pp. 623-624.) The plaintiffs in *Correia* signed their arbitration agreements at the onset of their employment. They were not "aggrieved employees" acting as proxies of the state when they signed the

12

agreements because they had not yet suffered any of the alleged violations.[6] (*Id*. at pp. 609-610, 622.)

Finally, defendants maintain the only issues a court can consider when deciding a motion to compel arbitration are whether a valid arbitration agreement exists and whether the claims at issue are covered by it. (See *Howsam v. Dean Witter Reynolds, Inc.* (2002) 537 U.S. 79, 84.) They claim a determination of plaintiff's employer is outside these issues and thus reserved for the arbitrator. Not so. As set forth above, whether plaintiff is an "aggrieved employee" of defendants cannot be separated from her PAGA claim. It is a threshold issue to be determined by the court. (See, e.g., *Hernandez*, *supra*, 7 Cal.App.5th at p. 178; *Perez, supra*, 3 Cal.App.5th at p. 421; *Williams*, *supra*, 237 Cal.App.4th at p. 649.)

Because we determine the trial court correctly ruled plaintiff's PAGA claim cannot be compelled to arbitration, we do not address plaintiff's other arguments regarding the applicability of the FAA to the arbitration agreement, waiver, and unconscionability, which were also raised in this appeal.

---

[6] We do not mean to imply that a proxy relationship begins between the employee and the state once an employee suffers any violation of the Labor Code. We express no opinion as to when this proxy relationship specifically starts, though it appears to exist at the time an employee files their PAGA lawsuit (assuming they have complied with the statutory notice requirements). (See § 2699.3; *Julian*, *supra*, 17 Cal.App.5th at p. 872.)

13

III

DISPOSITION

The trial court's order is affirmed. Plaintiff is entitled to costs on appeal.


MOORE, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


ARONSON, J.

14