Filed 10/21/21  Green v. Shipt CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| JADE GREEN<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>SHIPT, INC.,<br><br>       Defendant and Appellant. | B309061<br><br>(Los Angeles County<br>Super. Ct. No. 20STCV01001) |

APPEAL from an order of the Superior Court of Los Angeles County, Maurice A. Leiter, Judge.  Affirmed.

Gibson, Dunn & Crutcher, Theane Evangelis, Michele L. Maryott, Bradley J. Hamburger and Dhananjay S. Manthripragada for Defendant and Appellant.

Blumenthal Nordrehaug Bhowmik De Blouw, Norman B. Blumenthal and Kyle R. Nordrehaug for Plaintiff and Respondent.

_____

Plaintiff Jade Green sued defendant Shipt, Inc. under the Labor Code Private Attorneys General Act of 2004 (PAGA; Lab. Code, § 2698 et seq.) alleging she and other workers in California were misclassified as independent contractors. Green's operative complaint seeks only civil penalties under the PAGA for the misclassification violation as well as additional wage and meal/rest period violations resulting from Shipt's failure to treat workers as employees. Shipt moved to compel "individual" arbitration under the parties' agreement, which requires arbitration as the exclusive forum for any dispute, and which prohibits workers from joining or bringing a "class and/or collective action" in any forum.

The trial court denied Shipt's motion, primarily relying on *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348 (*Iskanian*), which held that agreements seeking to waive the right to bring PAGA representative actions are unenforceable. It rejected Shipt's contention that intervening United States Supreme Court authority had abrogated the *Iskanian* rule.

Although Shipt renews its assertion on appeal that *Iskanian* was wrongly decided, we remain bound by *Iskanian* because the specific issues in that case have yet to be decided by the United States Supreme Court. Any waiver of Green's PAGA claims remains unenforceable.

Shipt's suggestion that Green's PAGA action can be split off into an individual arbitrable claim was rejected in *Iskanian*, and we have previously held that threshold issues—such as Green's purported misclassification as an independent contractor— cannot be compelled to arbitration in the context of a PAGA-only suit.

2

As there is nothing in Green's PAGA-only suit to compel arbitration, we affirm the trial court's order.

## BACKGROUND

Shipt operates a website and mobile application (app) that allows customers to purchase groceries and household items from local merchants. Once an order is placed, nearby "Shoppers" receive a notification via the Shipt app on their smart phone; they can then choose whether to accept the offer and fulfill the order by purchasing and delivering the items to the customer.

To sign up as a Shopper, individuals follow a "click-through" application process on the Shipt website. During this process, prospective Shoppers are asked to sign an "Independent Contractor Agreement" (IC Agreement) and an "Arbitration Agreement."[1] Shoppers must execute and sign both agreements in order to use Shipt services.

On October 15, 2018, Green signed both agreements. Between October 15, 2018 and October 1, 2019, Green completed 43 orders during her tenure as a Shopper. These orders were all shopped for and delivered to locations within the state of California.

## A.   The Arbitration Agreement

The Arbitration Agreement states that Shipt and Shoppers "agree that any and all disputes, claims, or controversies," "will be resolved through mandatory, binding arbitration." Such

---

[1] The IC Agreement expressly references and incorporates the Arbitration Agreement and states the Shopper agrees that "any and all claims arising out of or relating to [the IC Agreement] shall be resolved by binding arbitration pursuant to the Arbitration Agreement."

arbitrable disputes include "any claims that a worker/independent contractor should be classified as an employee" and any disputes "regarding the scope, interpretation, validity, and enforceability of . . . [the] Arbitration Agreement."

The Arbitration Agreement also contains an express "Class Action Waiver," through which Shoppers agreed to waive their right to bring collective or class actions in any forum, and to arbitrate their disputes solely on an individual basis.

The Class Action Waiver states:  "No Class Actions or Joinder of Additional Parties.  YOU AND SHIPT WAIVE ANY RIGHT FOR ANY DISPUTE TO BE BROUGHT, HEARD, DECIDED OR ARBITRATED AS A CLASS AND/OR COLLECTIVE ACTION AND THE ARBITRATOR WILL HAVE NO AUTHORITY TO HEAR OR PRESIDE OVER ANY SUCH CLAIM . . . ."

The Class Action Waiver further provides:  "You agree that You will not serve as a class representative or participate as a class member in an arbitration proceeding . . . .  A dispute between us that is required to be arbitrated under this Arbitration Agreement will be arbitrated only between us, even if there are additional parties to the dispute or even if You make allegations that Your dispute should be handled as a class and/or collective action."

Shoppers wishing to opt out of the Arbitration Agreement could do so by submitting an "Arbitration Opt Out Form" within 30 days of accepting the IC Agreement.[2]

---

[2] Green did not opt out of the Arbitration Agreement.

**B.     The Complaint for Civil Penalties Under the PAGA**

    1.     *The Complaint*

On January 9, 2020, Green filed a lawsuit against Shipt alleging individual, PAGA, and class action claims.

On February 24, 2020, Green amended her complaint to dismiss her individual and class claims, leaving only a single cause of action for civil penalties under the PAGA.  The complaint alleges that she and other Shoppers in California were misclassified as independent contractors in violation of the California Labor Code and that Shipt is further liable for additional Labor Code violations (such as wage and meal/rest period requirements) resulting from the misclassification.  The complaint expressly states that Green "does not seek to recover anything other than penalties as permitted by California Labor Code [section] 2699 [the PAGA]" (bold and underscoring omitted) and that she is acting "[o]n behalf of the State of California and with respect to all [a]ggrieved employees."  (Capitalization omitted.)

    2.     *Background on the PAGA*

The California Legislature enacted the PAGA in 2003 after deciding that lagging labor law enforcement resources made additional private enforcement necessary " 'to achieve maximum compliance with state labor laws.' "  (*Iskanian*, *supra*, 59 Cal.4th at p. 379, quoting *Arias v. Superior Court* (2009) 46 Cal.4th 969, 980.)  "The purpose of the PAGA is not to recover damages or restitution, but to create a means of 'deputizing' citizens as private attorneys general to enforce the Labor Code."  (*Brown v. Ralphs Grocery Co.* (2011) 197 Cal.App.4th 489, 501.)  Seventy-five percent of any penalties collected by a PAGA representative are distributed to the Labor Workforce Development Agency

5

(LWDA), while the remaining 25 percent are distributed to the aggrieved employees.[3]  (Lab. Code, § 2699, subd. (i).)

## C.    The Motion to Compel Individual Arbitration

In April 2020, Shipt moved to compel "individual" arbitration under the Arbitration Agreement.  Shipt pointed out that Green waived her right to bring a representative PAGA action under that agreement and agreed to resolve all disputes—including any disputes regarding her classification as an independent contractor—"on an individual basis."  Shipt further argued that our high court's holding in *Iskanian* (that PAGA waivers are unenforceable) had been abrogated by *Epic Systems Corp. v. Lewis* (2018) 584 U.S. ___ [138 S.Ct. 1612, 200 L.Ed.2d 887] (*Epic Systems*) and was therefore no longer good law.

On September 22, 2020, the trial court denied Shipt's motion to compel arbitration, primarily relying on *Iskanian*, which held that agreements seeking to waive the right to bring PAGA representative actions were unenforceable and rejected Shipt's contention that *Epic Systems* had abrogated the *Iskanian* rule.

---

[3] Labor Code section 2699.3 of the PAGA requires a plaintiff to "notify the employer and the [LWDA] of the specific labor violations alleged, along with the facts and theories supporting the claim."  (*Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73, 81; see Lab. Code, § 2699.3, subd. (a)(1)(A).)  The employee may commence a PAGA action only "[i]f the [LWDA] does not investigate, does not issue a citation, or fails to respond to the notice within 65 days."  (*Kim*, *supra*, at p .81; see Lab. Code, § 2699.3, subd. (a)(2).)  On October 15, 2019, Green sent the requisite PAGA notice to the LWDA and Shipt, detailing the facts and theories in support of her allegations of Labor Code violations.

On November 13, 2020, Shipt timely appealed the trial court's order.

## DISCUSSION

### A. Standard of Review

Where, as here, the trial court's order denying a motion to compel arbitration "rests solely on a decision of law," we review that decision de novo. (*Robertson v. Health Net of California, Inc.* (2005) 132 Cal.App.4th 1419, 1425.)

### B. The Federal Arbitration Act

In 1925, the Federal Arbitration Act (FAA; 9 U.S.C. § 1 et seq.) was enacted in response to widespread judicial hostility to arbitration agreements.[4] (*AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. 333, 339 [131 S.Ct. 1740, 179 L.Ed.2d 742] (*Concepcion*).) Section 2 of the FAA states in relevant part: "A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." (9 U.S.C. § 2.)

Although "[t]he FAA contains no express pre-emptive provision" and does not "reflect a congressional intent to occupy the entire field of arbitration" (*Volt Info Sciences v. Leland Stanford Jr. U.* (1989) 489 U.S. 468, 477), it preempts state law "to the extent that 'it stands as an obstacle to the

---

[4] The Arbitration Agreement signed by Green expressly states it "is made pursuant to a transaction involving interstate commerce and shall be governed by the [FAA]."

accomplishment and execution of the full purposes and objectives of Congress.' [Citation.]" (*Ibid*.)

For example, in *Concepcion*, the United States Supreme Court held that the FAA preempted California's rule classifying class action or collective action waivers in consumer contracts of adhesion as unconscionable. (*Concepcion*, *supra*, 563 U.S. at pp. 340-352.) The *Concepcion* court noted that while California's rule did not explicitly discriminate against arbitration (see *id*. at pp. 341-343,) it "interfer[ed] with fundamental attributes of arbitration" (*id*. at p. 344), by effectively imposing formal classwide arbitration procedures on the parties against their will. (*Id*. at pp. 345-347.) As such, the rule was preempted by the FAA. (*Concepcion*, at p. 352.)

## C.    The *Iskanian* Rule

In *Iskanian*, the plaintiff-employee signed an agreement which provided that " 'any and all claims' " arising out of his employment were to be submitted to binding arbitration before a neutral arbitrator and that neither the employee nor the employer could " 'assert class action or representative action claims against the other.' " (*Iskanian*, *supra*, 59 Cal.4th at p. 360.) The employee subsequently brought both a class action and a PAGA representative action against his employer. (*Iskanian*, at p. 361.)

The *Iskanian* court first determined that, under *Concepcion*, the refusal to enforce a class action waiver in an employment arbitration agreement would conflict with the FAA by interfering with the fundamental attributes of arbitration. (*Iskanian*, *supra*, 59 Cal.4th at p. 364.)

The court reached a different conclusion with respect to the waiver of the employee's PAGA action. It held that a complete ban on PAGA actions was contrary to public policy, and

unenforceable as a matter of state law, because it would "disable one of the primary mechanisms for enforcing the Labor Code"—the use of deputized citizen-employees to augment the limited enforcement capability of the LWDA and pursue the civil penalties used to deter such violations. (*Iskanian*, *supra,* 59 Cal.4th at p. 384.) The court held that such a rule did not conflict with the FAA because the FAA was intended to govern "the resolution of *private* disputes, whereas a PAGA action is a dispute between an employer and the state . . . [a]gency." (*Iskanian*, at p. 384.) The court analogized a PAGA claim to a qui tam action and stated that such actions generally fall outside the FAA's purview. (*Iskanian*, at pp. 382, 387.)

Since *Iskanian,* several California Courts of Appeal have held that any PAGA arbitration requirement in a predispute arbitration agreement is unenforceable. (See, e.g., *Contreras v. Superior Court* (2021) 61 Cal.App.5th 461, 472; *Correia v. NB Baker Electric, Inc*. (2019) 32 Cal.App.5th 602, 620; *Julian v. Glenair, Inc.* (2017) 17 Cal.App.5th 853, 869-872; *Betancourt v. Prudential Overall Supply* (2017) 9 Cal.App.5th 439, 445-449.)

Conversely, federal courts have concluded that PAGA claims *can* be arbitrated under *Iskanian* but "may not be waived outright." (*Sakkab v. Luxottica Retail North American, Inc.* (9th Cir. 2015) 803 F.3d 425, 434; see also *Valdez v. Terminix Internal. Co. Ltd Partnership* (9th Cir. 2017) 681 Fed.Appx. 592; *Wulfe v. Valero Refining Co*. (9th Cir. 2016) 641 Fed.Appx 758, 760; *Cabrera v. CVS Rx Services, Inc*. (2018) 2018 U.S.Dist. LEXIS 43681].)

D. **The *Iskanian* Rule Remains Binding Authority Regarding Enforceability of PAGA Waivers**

Shipt claims the United States Supreme Court's interpretation of the FAA preemption clause in recent cases

9

annuls *Iskanian*'s holding and requires California courts to enforce PAGA representative action waivers.  Shipt relies on *Epic Systems*, *supra*, 584 U.S. ___ [138 S.Ct. 1612] and *Lamps Plus, Inc. v. Varela* (2019) 587 U.S. ___ [139 S.Ct. 1407, 1412, 203 L.Ed.2d 626] (*Lamps Plus*).  We are not persuaded.

"On federal questions, intermediate appellate courts in California must follow the decisions of the California Supreme Court, unless the United States Supreme Court has decided the *same* question differently."  (*Correia v. NB Baker Electric, Inc.*, *supra*, 32 Cal.App.5th at p. 619; see also *Chesapeake & Ohio Ry. v. Martin* (1931) 283 U.S. 209, 221 [51 S.Ct. 453, 75 L.Ed 983]; *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455; *People v. Whitfield* (1996) 46 Cal.App.4th 947, 955-957.)

In *Epic Systems,* an accountant sued his employer for violations of the federal Fair Labor Standards Act of 1938 (FLSA; 29 U.S.C. § 201 et seq.) and California overtime law.  (*Epic Systems*, *supra*, 584 U.S. at p. ___ [138 S.Ct. at p. 1620].)  The employee had signed an arbitration agreement that "specified individualized arbitration, with claims 'pertaining to different [e]mployees [to] be heard in separate proceedings.' " (*Ibid.*)  The accountant sought to litigate the state law claim as a class action and the FLSA claim on behalf of a nationwide class under FLSA's collective action procedures. (*Epic Systems*, at p. ___ [138 S.Ct. at p. 1620].)

In compelling arbitration, the United States Supreme Court reconfirmed *Concepcion*'s holding that the FAA requires enforcement of class action waivers.  It also rejected the employee's argument, as did the *Iskanian* court, that the National Labor Relations Act's guarantee of the right to engage in "concerted activit[y]" (29 U.S.C. § 157) overcame the FAA on

10

this issue. (*Epic Systems*, *supra*, 584 U.S. at p. ___ [138 S.Ct. at pp. 1623-1630]; *Iskanian, supra*, 59 Cal.4th at p. 372.)

Courts considering the continuing vitality of *Iskanian* have unanimously concluded that, in light of the unique nature of a PAGA action, the United States Supreme Court's interpretation of the FAA's preemptive scope in *Epic Systems* does not abrogate *Iskanian*'s holding for purposes of an intermediate appellate court applying the law. (See *Correia v. NB Baker Electric, Inc.*, *supra*, 32 Cal.App.5th at p. 620; cf. *Sakkab v. Luxottica Retail North American, Inc.*, *supra*, 803 F.3d at pp. 435-436; *Rivas v. Coverall N. Am., Inc.* (2021) 842 Fed.Appx. 55, 56.)

We agree with these and other appellate courts that have recognized the limited reach of *Epic Systems* in the context of PAGA suits. (See, e.g., *Winns v. Postmates Inc.* (2021) 66 Cal.App.5th 803, 812; *Olson v. Lyft, Inc.* (2020) 56 Cal.App.5th 862, 872; *Provost v. YourMechanic, Inc.* (2020) 55 Cal.App.5th 982, 998; *Collie v. The Icee Co.* (2020) 52 Cal.App.5th 477; *Correia v. NB Baker Electric, Inc.*, *supra*, 32 Cal.App.5th at p. 620.)[5]

---

[5] In *Lamps Plus*, the Ninth Circuit construed an arbitration agreement against its drafter, Lamps Plus, and approved a classwide arbitration order. (*Lamps Plus*, *supra*, 587 U.S. at p. __ [139 S.Ct. at pp. 1413-1414].) The high court reversed, holding the FAA preempted California's contra proferentem rule (requiring agreements be held against the drafter) when the rule is used "to impose class arbitration in the absence of the parties' consent." (*Lamps Plus*, at p. ___ [139 U.S. at pp. 1415, 1418], fn. omitted.) The *Lamps Plus* decision did not consider or resolve whether a worker could waive a right to bring a representative action on behalf of a state government, and it neither mentions PAGA nor similar laws from other states. We fail to discern how *Lamps Plus* would compel us to abandon *Iskanian*.

11

Under the doctrine of stare decisis, we are bound to follow our Supreme Court's decision in *Iskanian*. (See *Auto Equity Sales, Inc. v. Superior Court, supra*, 57 Cal.2d at pp. 455-456.)[6]

E. **Green May Not Be Compelled Either to Arbitrate Her PAGA Action on an** "**I**ndividual" **Basis or to Arbitrate Threshold Issues**

Shipt requests an order compelling Green to "arbitrate any and all claims against Shipt on an individual basis." However, the *Iskanian* court directly held that "a single-claimant arbitration under the PAGA for individual penalties will not result in the penalties contemplated under the PAGA to punish and deter employer practices that violate the rights of numerous employees under the Labor Code." (*Iskanian, supra*, 59 Cal.4th at p. 384.) Because compelling a single-claimant procedure would frustrate the core objectives of the PAGA, the court held that the right to bring a representative PAGA case could neither be waived nor bifurcated and compelled to arbitration on an "individual" basis. (*Iskanian*, at p. 384.)

---

[6] We further reject Shipt's contention that *Iskanian* is inapplicable because Green had an opportunity to opt out of the arbitration agreement. Several courts have pointed out that *Iskanian*'s underlying public policy rationale does not turn on how the employer and worker entered into the agreement, or its mandatory or voluntary nature. Rather, it turns on fact that a PAGA claim provides a remedy that inures to the state and that private agreements seeking to waive such public rights are precluded. (*Winns v. Postmates Inc., supra*, 66 Cal.App.5th at pp. 810-811; *Provost v. YourMechanic Inc., supra*, 55 Cal.App.5th at pp. 993-994; *Williams v. Superior Court* (2015) 237 Cal.App.4th 642, 647-648).

It also makes no difference whether Green expressly agreed to arbitrate threshold issues "regarding the scope, interpretation, validity, and enforceability of . . . [the] Arbitration Agreement" or "any claims that a worker/independent contractor should be classified as an employee." These issues are indivisible and non-arbitrable. (*Bautista v. Fantasy Activewear, Inc.* (2020) 52 Cal.App.5th 650, 656-658 [rejecting contention that preliminary questions regarding arbitrability must be sent to arbitrator in representative PAGA-only action notwithstanding agreement to do so]; see also *Rosales v. Uber Technologies, Inc.* (2021) 63 Cal.App.5th 937, 940; *Contreras v. Superior Court* (2021) 61 Cal.App.5th 461, 474; *Provost v. YourMechanic, Inc.*, *supra*, 55 Cal.App.5th at p. 988.)[7]

As there is nothing in Green's operative PAGA-only complaint to compel to arbitration, we affirm the trial court's order.

---

[7] Relatedly, the Class Action Waiver provides that "any claim that all or part of the Class Action Waiver . . . is invalid, unenforceable, unconscionable, void or voidable, *may be determined only by a court of competent jurisdiction and not by an arbitrator*." (Italics added.) This provision also runs counter to Shipt's argument that threshold questions must be determined by an arbitrator. Further, in our *Bautista* decision we deemed the decision in *Henry Schein, Inc. v. Archer & White Sales, Inc.* (2019) 586 U.S. ___ [139 S.Ct. 524, 202 L.Ed.2d 480]—also cited by Shipt in this case—inapplicable in the context of a PAGA-only action. (*Bautista v. Fantasy Activewear, Inc.*, *supra*, 52 Cal.App.5th at p. 656.)

**DISPOSITION**

The order denying the motion to compel arbitration is affirmed.  Green shall recover her costs on appeal.[8]

NOT TO BE PUBLISHED.


                                                      CRANDALL, J.[*]


We concur:



ROTHSCHILD, P. J.



CHANEY, J.

---

[8] Green characterizes Shipt's arguments as "frivolous" and "sanctionable" and "submits that there should be repercussions" for such tactics.  Of course, a sanctions request cannot be made in a brief.  (Cal. Rules of Court, rule 8.276(b)(1); *Cowan v. Krayzman* (2011) 196 Cal.App.4th 907, 919 ["Sanctions cannot be sought in the respondent's brief"].)

[*] Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.