Filed 4/30/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| DAMARIS ROSALES, | B305546 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC685555) |
| v. | |
| UBER TECHNOLOGIES, INC., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Amy D. Hogue, Judge.  Affirmed.

Littler Mendelson, Sophia Behnia and Andrew M. Spurchise for Defendant and Appellant.

Gold and Michael A. Gold for Plaintiff and Respondent.

————————————————

## SUMMARY

Defendant Uber Technologies, Inc. moved to compel arbitration in a case where the plaintiff, Damaris Rosales, alleged a single cause of action for wage violations under the Private Attorneys General Act (PAGA, Lab. Code, § 2698 et seq.). Plaintiff was an Uber driver under a written agreement stating she was an independent contractor and all disputes would be resolved by arbitration under the Federal Arbitration Act (FAA, 9 U.S.C. § 1 et seq.). The agreement delegated to the arbitrator decisions on the enforceability or validity of the arbitration provision. The trial court denied defendant's motion to compel arbitration.

Defendant contends plaintiff cannot bring a PAGA claim in court unless or until an arbitrator first decides whether she has standing to bring a PAGA claim—that is, whether she is an employee who can seek penalties under PAGA on behalf of the state, or an independent contractor who cannot. We conclude, as has every other California court presented with this or similar issues, that the threshold question whether plaintiff is an employee or an independent contractor cannot be delegated to an arbitrator. Accordingly, we affirm the trial court's order.

## FACTS

In April 2018, plaintiff filed the operative first amended complaint. The complaint stated a representative action against defendant for penalties under PAGA, alleging defendant violated section 216 of the Labor Code (refusal to pay wages due).

In January 2020, after successive demurrers were overruled, defendant brought its motion to compel arbitration. Defendant sought an order compelling plaintiff "to arbitrate the issue of her independent contractor status (*i.e.,* whether she was properly classified as an independent contractor) under the

parties' arbitration agreement and/or questions of enforceability or arbitrability (*i.e.,* enforcing the arbitration agreement's delegation clause)." Alternatively, defendant sought to enforce the waiver of representative claims in the arbitration agreement, and to compel plaintiff to arbitrate her individual claim.

The arbitration agreement was a part of defendant's then-standard technology services agreement, which plaintiff executed on-line when she became a driver for defendant in March 2016. Defendant refers to this as the 2015 TSA. The parties agreed, with irrelevant exceptions, to arbitrate all disputes between them arising out of or related to the agreement and plaintiff's relationship with defendant, including disputes regarding wage and hour laws. The agreement delegated to the arbitrator the power to decide whether a dispute is arbitrable. It stated the arbitrator and not a court or judge would decide all disputes "arising out of or relating to interpretation or application of this Arbitration Provision, including the enforceability, revocability or validity of the Arbitration Provision or any portion of the Arbitration Provision."

Plaintiff also agreed, to the extent permitted by law, not to bring a representative action on behalf of others under PAGA in any court or in arbitration. She agreed that any claim brought as a private attorney general would be resolved in arbitration on an individual basis only, and not to resolve the claims of others.

The trial court denied defendant's motion. The court held that "no part of the TSA, including the delegation provision, binds the State of California, on whose behalf [plaintiff] brings the PAGA claim."

Defendant filed a timely notice of appeal.

3

## DISCUSSION

### 1. The Background

Before PAGA was enacted, only the state could sue employers for civil penalties under the Labor Code. (*Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73, 80 (*Kim*).) "Government enforcement proved problematic," for reasons including inadequate funding and staffing constraints. (*Id.* at p. 81.) "To facilitate broader enforcement, the Legislature enacted PAGA, authorizing 'aggrieved employee[s]' to pursue civil penalties on the state's behalf. [Citations.] 'Of the civil penalties recovered, 75 percent goes to the Labor and Workforce Development Agency, leaving the remaining 25 percent for the "aggrieved employees." ' " (*Ibid.*)

*Kim* explains that a PAGA claim "is legally and conceptually different from an employee's own suit for damages and statutory penalties. An employee suing under PAGA 'does so as the *proxy or agent of the state's labor law enforcement agencies*.' [Citation.] Every PAGA claim is 'a dispute between an employer and the *state*.' [Citations.] Moreover, the civil penalties a PAGA plaintiff may recover on the state's behalf are distinct from the statutory damages or penalties that may be available to employees suing for individual violations. [Citation.] Relief under PAGA is designed primarily to benefit the general public, not the party bringing the action. [Citations.] 'A PAGA representative action is therefore a type of qui tam action,' conforming to all 'traditional criteria, except that a portion of the penalty goes not only to the citizen bringing the suit but to all employees affected by the Labor Code violation.' [Citation.] The 'government entity on whose behalf the plaintiff files suit is always the real party in interest.' " (*Kim, supra,* 9 Cal.5th at

4

p. 81.)

## 2.     The Authorities

The issue presented for our review has been resolved adversely to defendant in two cases decided during and after briefing in this case:  *Provost v. YourMechanic, Inc.* (2020) 55 Cal.App.5th 982 (*Provost*) and *Contreras v. Superior Court* (2021) 61 Cal.App.5th 461 (*Contreras*).[1]

In *Provost,* as here, the defendant contended an arbitrator must first decide the threshold issue whether the plaintiff was an independent contractor or an employee.  Until that issue is resolved in arbitration, the defendant argued, the plaintiff had no standing to pursue a representative PAGA action, because he could not show he was an "aggrieved employee." (*Provost, supra,* 55 Cal.App.5th at p. 996.)  The court rejected those assertions, following cases that "consistently, and, in our view, properly hold that threshold issues involving whether a plaintiff is an 'aggrieved employee' for purposes of a representative PAGA-only action cannot be split into individual arbitrable and representative nonarbitrable components." (*Ibid.*)

*Contreras* similarly held that a PAGA plaintiff "may not be compelled to arbitrate whether he or she is an aggrieved employee." (*Contreras, supra,* 61 Cal.App.5th at p. 477; *id.* at p. 472 ["PAGA claims cannot be arbitrated without state consent" (italics omitted)]; *id.* at p. 473 [the preliminary question whether the petitioners were "aggrieved employees" under PAGA "may not be decided in private party arbitration" (capitalization omitted)].)

---

[1]     Before the opinion in *Contreras* was published, defendant asked us to take judicial notice of the trial court's order in that case.  The request for judicial notice is now moot.

We are not persuaded to depart from the analyses in *Provost* and *Contreras* and all the authorities they cite. As we shall see, these authorities cogently answer each of defendant's arguments.

**3.    Defendant's Contentions**

Defendant contends the FAA governs the arbitration provision, and under the FAA, the parties' agreement to delegate the issue of arbitrability to the arbitrator is enforceable. But our Supreme Court has held the FAA does *not* govern a PAGA claim. (*Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, 360 (*Iskanian*).)

As relevant here, *Iskanian* held that "an arbitration agreement requiring an employee as a condition of employment to give up the right to bring representative PAGA actions in any forum is contrary to public policy." (*Iskanian, supra,* 59 Cal.4th at p. 360.) This is referred to as the *Iskanian* rule. The court further concluded "that the FAA's goal of promoting arbitration as a means of private dispute resolution does not preclude our Legislature from deputizing employees to prosecute Labor Code violations on the state's behalf. Therefore, the FAA does not preempt a state law that prohibits waiver of PAGA representative actions in an employment contract." (*Ibid.*)

*Iskanian* explained that "a PAGA claim lies outside the FAA's coverage because it is not a dispute between an employer and an employee arising out of their contractual relationship. It is a dispute between an employer and the *state*, which alleges directly or through its agents—either the Agency or aggrieved employees—that the employer has violated the Labor Code." (*Iskanian, supra,* 59 Cal.4th at pp. 386–387.)

6

Defendant contends *Iskanian* has been effectively overruled by the high court in *Epic Systems Corp. v. Lewis* (2018) ___ U.S. ___ [138 S.Ct. 1612] (*Epic Systems*), a case that reiterated the FAA's broad preemptive scope. *Epic Systems* held the FAA requires courts to enforce arbitration agreements according to their terms, including terms in an employment agreement requiring individualized arbitration proceedings rather than class or collective action procedures. (*Epic Systems,* at p. ___ [138 S.Ct. at p. 1619]; *id.* at p. 1621 ["this much the Arbitration Act seems to protect pretty absolutely"].) The court held that, contrary to the plaintiff's contention, the National Labor Relations Act does not "offer[] a conflicting command." (*Epic Systems,* at p. ___ [138 S.Ct. at p. 1619]; *ibid.* ["This Court has never read a right to class actions into the NLRA."].)

Defendant's argument that *Epic Systems* rendered the *Iskanian* rule invalid has been made and rejected several times. For example, in *Correia v. NB Baker Electric, Inc.* (2019) 32 Cal.App.5th 602 (*Correia*), the court explained that on federal questions, "intermediate appellate courts in California must follow the decisions of the California Supreme Court, unless the United States Supreme Court has decided the *same* question differently." (*Id.* at p. 619.) *Epic Systems* addressed an issue "pertaining to the enforceability of an individualized arbitration requirement against challenges that such enforcement violated the NLRA." (*Correia,* at p. 619.) *Iskanian,* on the other hand, "held that a ban on bringing PAGA actions in any forum violates public policy and that this rule is not preempted by the FAA because the claim is a governmental claim." (*Correia,* at p. 619.) *Epic Systems* did not consider that issue and so "did not decide the *same* question differently." (*Correia,* at p. 619.)

*Correia* describes in detail how the cause of action at issue in *Epic Systems* "differs fundamentally from a PAGA claim." (*Correia, supra,* 32 Cal.App.5th at p. 619; *id.* at pp. 619–620.) The court concluded: "*Epic* did not reach the issue regarding whether a governmental claim of this nature is governed by the FAA, or consider the implications of a complete ban on a state law enforcement action. Because *Epic* did not overrule *Iskanian*'s holding, we remain bound by the California Supreme Court's decision." (*Correia,* at p. 620; see, e.g., *Provost, supra,* 55 Cal.App.5th at pp. 997–998 [reaffirming the *Correia* analysis that *Epic Systems* did not overrule *Iskanian* and observing our Supreme Court reaffirmed *Iskanian* in *ZB, N.A. v. Superior Court* (2019) 8 Cal.5th 175, 185, 197]; *Contreras, supra,* 61 Cal.App.5th at p. 471 [agreeing that, "even after *Epic Systems,* PAGA claims, which seek to vindicate state interests, not private party agreements, are not covered by the FAA"].) We too are bound by the *Iskanian* rule.

*Contreras* points out that while *Iskanian* held a PAGA claim cannot be waived by an employment agreement, *Iskanian* "did not directly address whether an employer may contractually require a PAGA claim to be arbitrated." (*Contreras, supra,* 61 Cal.App.5th at p. 472.) But that issue, too, has been resolved in several Court of Appeal cases holding that "an individual PAGA plaintiff may not be required to arbitrate his or her PAGA claim." (*Contreras,* at p. 472, citing cases; *ibid.* ["PAGA claims cannot be arbitrated without state consent" (italics omitted)].)

Defendant relies on federal district court cases that have concluded, in other contexts, that a threshold worker classification issue must be determined by an arbitrator where the arbitration agreement contains a delegation clause. Those

cases do not apply here because none involves a PAGA claim where the plaintiff is the proxy or agent of the state.[2]

Next, defendant tells us that even if plaintiff's representative claim is not subject to arbitration, the threshold classification issue is subject to the FAA because "it is not a PAGA claim at all" but rather "a private dispute between [plaintiff and defendant] regarding the nature of their business relationship." *Contreras* disposed of the same claim in a detailed discussion, concluding the question whether a plaintiff is an "aggrieved employee" under PAGA may not be decided in private party arbitration. (*Contreras, supra,* 61 Cal.App.5th at pp. 473–477.) The court characterized the argument as "fallacious wordsmithing," and explained: "If an arbitrator rules that petitioners are not 'aggrieved employees,' there will be no remaining PAGA claim anywhere. By virtue of an arbitration to which it did not consent, the state will have lost one of its weapons in the enforcement of California's labor laws. This result would be at odds with . . . several appellate opinions . . . , e.g., *Correia*: 'Without the state's consent, a predispute

---

[2] See *Lamour v. Uber Technologies, Inc.* (S.D.Fla. Mar. 1, 2017, No. 1:16-CIV-21449-MARTINEZ/GOODMAN) 2017 U.S.Dist.Lexis 29706, at pages *29–31; *Ali v. Vehi-Ship* (N.D.Ill. Nov. 27, 2017, No. 17 CV 02688) 2017 U.S.Dist.Lexis 194456, at pages *14–15; *Richemond v. Uber Technologies, Inc.* (S.D.Fla. 2017) 263 F.Supp.3d 1312, 1317; *Olivares v. Uber Technologies, Inc.* (N.D.Ill. July 14, 2017, No. 16 C 6062) 2017 U.S.Dist.Lexis 109348, at page *9; *Sakyi v. Estee Lauder Companies, Inc.* (D.D.C. 2018) 308 F.Supp.3d 366, 381; *Johnston v. Uber Technologies, Inc.* (N.D.Cal. Sept. 16, 2019, No. 16-cv-03134-EMC) 2019 U.S.Dist.Lexis 161256, at pages *16–17.

agreement between an employee and an employer cannot be the basis for compelling arbitration of a representative PAGA claim because the state is the owner of the claim and the real party in interest, and the state was not a party to the arbitration agreement.' (*Correia, supra,* 32 Cal.App.5th at p. 622.) [¶] Characterizing the process as resolving only an 'arbitrability,' 'delegatable' or 'gateway' issue, or the adjudication of an 'antecedent' fact, does not extinguish the risk to the state that it is an arbitrator, not a court, who nullifies the state's PAGA claim." (*Contreras,* at p. 474.)

Finally, defendant contends its case is different from authorities holding that a "single cause of action under PAGA cannot be split into an arbitrable 'individual claim' and a nonarbitrable representative claim." (*Williams v. Superior Court* (2015) 237 Cal.App.4th 642, 645; see, e.g., *Hernandez v. Ross Stores, Inc.* (2016) 7 Cal.App.5th 171, 178 ["determination of whether the party bringing the PAGA action is an aggrieved party should not be decided separately by arbitration"].) The difference, defendant says, is that in *Williams* and *Hernandez,* the threshold question was whether the plaintiff was "aggrieved" (that is, subjected to a Labor Code violation), not whether the plaintiff was an "employee." But, as we have just seen, the *Contreras* case presented the identical threshold issue of employee status, and so did *Provost.* And both resolved the issue adversely to defendant's position. (*Contreras, supra,* 61 Cal.App.5th at p. 474; *id.* at p. 477 ["a PAGA plaintiff may not be compelled to arbitrate whether he or she is an aggrieved employee"]; *Provost, supra,* 55 Cal.App.5th at p. 988 [the employer "cannot require [the plaintiff] to submit by contract any part of his representative PAGA action to arbitration"; "a PAGA-

10

only representative action is *not* an individual action at all, but instead is one that is indivisible and belongs solely to the state"].)

**DISPOSITION**

The order is affirmed.  Plaintiff shall recover costs of appeal.

GRIMES, Acting P. J.

WE CONCUR:

STRATTON, J.

OHTA, J.*

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11