Filed 11/16/23  Mena v. Muscolino Inventory Services CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| ANDY MENA,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MUSCOLINO INVENTORY SERVICES, INC.,<br><br>    Defendant and Appellant. | B321559<br><br>(Los Angeles County<br>Super. Ct. No. 21STCV33994) |

APPEAL from an order of the Superior Court of Los Angeles County, Kenneth R. Freeman, Judge.  Affirmed.

CDF Labor Law, Todd R. Wulffson, Nancy N. Lubrano, Brian E. Cole II; Quarles & Brady, E. Joseph Connaughton and Douglas R. Ottenwess for Defendant and Appellant.

Justice Law Corporation, Douglas Han, Shunt Tatavos-Gharajeh, Chris Petersen and Shelby Miner for Plaintiff and Respondent.

_____

This is an appeal from an order denying a motion to compel arbitration. The trial court found that the arbitration agreement is unconscionable and refused to enforce it on that basis.

Defendant and appellant Muscolino Inventory Services, Inc. (Muscolino) hired plaintiff and respondent Andy Mena and, as part of the hiring process, required Mena to execute an arbitration agreement. That agreement obligated the parties to arbitrate most disputes arising out of or relating to Mena's employment relationship with Muscolino.

Several years after Mena's employment relationship ended, Mena filed a class action complaint against Muscolino, alleging a claim under the unfair competition law (Bus. & Prof. Code, § 17200 et seq.; UCL). He based that claim on Muscolino's purported violations of Labor Code wage and hour provisions. When Muscolino sought to compel arbitration of Mena's UCL claim, the trial court refused. The trial court found a low level of procedural unconscionability, but, because the court concluded the agreement was permeated with unconscionability, it ruled that the contract was unenforceable. In particular, the court found the agreement contained three substantively unconscionable components: (1) the agreement excluded Muscolino's claims for equitable relief from the obligation to arbitrate but required Mena to arbitrate his equitable claims; (2) an informal dispute resolution provision shortening the statute of limitations on Mena's UCL claim, as well as the limitations period for the underlying alleged Labor Code violations; and (3) a waiver of certain claims under the Labor Code Private Attorneys General Act of 2004 (PAGA).[1]

---

[1] (Lab. Code, § 2698 et seq.)

We agree with the trial court's findings and affirm.

**FACTUAL AND PROCEDURAL BACKGROUND[2]**

We summarize only those facts relevant to this appeal.

Mena is a former employee of Muscolino who was hired as an auditor in 2017. At the time Mena was hired, Muscolino required Mena to sign its mediation and arbitration agreement (Agreement), which provides, with certain exceptions, that Muscolino and Mena submit any dispute "arising out of or relating to [Mena's] employment relationship with [Muscolino] or the termination of that relationship . . . for . . . mediation before a neutral third-party and (if necessary) for final and binding resolution by a private and impartial arbitrator . . . ."[3] Mena's tenure at Muscolino ended later in 2017.

On September 13, 2021, Mena filed a class action complaint against Muscolino, alleging a single claim under the UCL arising

_____

[2] We derive our Factual and Procedural Background in part from undisputed aspects of the trial court's ruling and admissions made by the parties in their appellate briefing. (See *Baxter v. State Teachers' Retirement System* (2017) 18 Cal.App.5th 340, 349, fn. 2 [utilizing the summary of facts provided in the trial court's ruling]; *Artal v. Allen* (2003) 111 Cal.App.4th 273, 275, fn. 2 [" '[A] reviewing court may make use of statements [in briefs and argument] . . . as admissions against the party [advancing them].' "].)

[3] We describe the pertinent portions of the Agreement in greater detail in our Discussion. We observe the Agreement indicates that "Phyle Inventory Control Specialists (PICS)," which appears to be an affiliate of Muscolino, is also a party to the Agreement. Because neither party discusses PICS on appeal, we do not address this point further.

from Muscolino's alleged "policy and practice of wage abuse against its hourly-paid or non-exempt employees within the State of California." "This scheme allegedly involved, *inter alia*, failing to properly calculate employee overtime pay and failing to pay them for all hours worked, missed meal and rest periods, and failing to reimburse business expenses, in violation of California law." "[Mena] brings the UCL claim on behalf of a putative class of '[a]ll current and former hourly-paid or non-exempt employees of [Muscolino] within the State of California at any time during the period from March 15, 2017 to final judgment.' "

Muscolino moved to compel arbitration.[4] Mena opposed the motion, and Muscolino filed a reply in support of its motion.

On May 19, 2022, the trial court denied Muscolino's motion. At the outset of its decision, the court found, "Muscolino has shown . . . that an agreement to arbitrate exists, . . . said agreement covers the dispute at the heart of the litigation," and the Federal Arbitration Act (FAA) applies to the Agreement.

Regarding Mena's unconscionability defense to the Agreement, the court found "a slight degree of procedural unconscionability attributable to the adhesive nature of the agreement," given that "the agreement was presented on a take-it-or-leave-it basis" and "[t]here was no meaningful choice on the part of [Mena]."

The court further concluded, "[T]here are three substantively unconscionable components of the arbitration agreement— . . . lack of mutuality on equitable and injunctive relief claims; [a] one-year limitations period; and [a] waiver of

---

[4] As we explain in Discussion, part A, *post*, Muscolino also sought an order dismissing Mena's class claims and staying the action.

representative PAGA claims." As to the first substantively unconscionable provision, the court found, "While [Muscolino] is excused from seeking all injunctive relief or other equitable relief against [Mena] in arbitration (including injunctive or equitable relief for non-trade secret claims), [Mena] may seek such relief only before the arbitrator." Concerning the second defective provision, the court remarked, "[T]he Agreement . . . provides that the employee 'must notify [Muscolino's] Human Resources of any claim as soon as possible after the Employee first knew or should have known of the facts giving rise to the claim and any claim must be presented to Human Resources by this procedure *within one year of that time or it shall be deemed invalid.*' " Next, the court ruled that the Agreement impermissibly "purport[ed] to waive [Mena's] right to bring a representative PAGA claim" because the contract "states that there 'will be no right or authority for any claim to be brought, heard or arbitrated as a class, collective *or representative action . . . .*"

The trial court declined to sever the three substantively unconscionable provisions. The court reasoned, "[T]he agreement is permeated with unconscionability, and the Court cannot strike a single provision to render the agreement enforceable." Consequently, the court found the Agreement "cannot be enforced."

Muscolino timely appealed the trial court's May 19, 2022 order.

## STANDARDS OF REVIEW AND APPLICABLE LAW REGARDING ENFORCEMENT OF ARBITRATION AGREEMENTS

" 'In ruling on a motion to compel arbitration, the trial court shall order parties to arbitrate "if it determines that an

agreement to arbitrate the controversy exists . . . .” [Citation.]
“[T]he party seeking arbitration bears the burden of proving the
existence of an arbitration agreement by a preponderance of the
evidence, and the party opposing arbitration bears the burden of
proving by a preponderance of the evidence any defense . . . .”
[Citation.]’ ” (*Western Bagel Co., Inc. v. Superior Court* (2021)
66 Cal.App.5th 649, 662.)

“Unconscionability in a contract is one reason a court may
decline enforcement [of an arbitration agreement].” (See *Lange v.
Monster Energy Co.* (2020) 46 Cal.App.5th 436, 445 (*Lange*).)
“ ‘ “[U]nconscionability has both a ‘procedural’ and a ‘substantive’
element,” the former focusing on “ ‘oppression’ ” or “ ‘surprise’ ”
due to unequal bargaining power, the latter on “ ‘overly harsh’ ”
or “ ‘one-sided’ ” results. [Citation.] “The prevailing view is that
[procedural and substantive unconscionability] must *both* be
present in order for a court to exercise its discretion to refuse to
enforce a contract or clause under the doctrine of
unconscionability.” [Citation.] But they need not be present in
the same degree. . . . [T]he more substantively oppressive the
contract term, the less evidence of procedural unconscionability is
required to come to the conclusion that the term is unenforceable,
and vice versa.’ [Citation.]” (*Ibid.*)

“If the court as a matter of law finds the contract or any
clause of the contract to have been unconscionable at the time it
was made the court may refuse to enforce the contract, or it may
enforce the remainder of the contract without the unconscionable
clause, or it may so limit the application of any unconscionable
clause as to avoid any unconscionable result.” (Civ. Code,
§ 1670.5, subd. (a).) “ ‘Although “th[is] statute appears to give a
trial court some discretion as to whether to sever or restrict the

6

unconscionable provision or whether to refuse to enforce the entire agreement[,] . . . it also appears to contemplate the latter course only when an agreement is 'permeated' by unconscionability." ' [Citations.]" (*Lange, supra*, 46 Cal.App.5th at p. 453.)

" 'Unconscionability is ultimately a question of law, which we review de novo when no meaningful factual disputes exist as to the evidence.' [Citations.]" (*Lange, supra*, 46 Cal.App.5th at p. 445.) "We review a trial court's order declining to sever . . . unconscionable provisions from an arbitration agreement for abuse of discretion." (*Id.* at p. 453.) " ' "The discretion of a trial judge . . . is subject to . . . reversal on appeal where no reasonable basis for the action is shown." ' " (*Miyamoto v. Department of Motor Vehicles* (2009) 176 Cal.App.4th 1210, 1218.) " ' "The scope of discretion always resides in the particular law being applied, i.e., in the 'legal principles governing the subject of [the] action . . . .' Action that transgresses the confines of the applicable principles of law is outside the scope of discretion and we call such action an 'abuse' of discretion." ' [Citation.]" (*Id.* at pp. 1218–1219.)

" ' "A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness." [Citation.]' [Citation.] Thus, ' " 'it is the appellant's responsibility to affirmatively demonstrate error' " ' by ' " 'supply[ing] the reviewing court with some cogent argument supported by legal analysis and citation to the record.' " [Citation.]' [Citations.] The appellant bears this burden of rebutting the presumption of correctness accorded to the trial court's decision, regardless of the applicable standard of review." (*Association for Los Angeles Deputy Sheriffs v. County of*

*Los Angeles* (2023) 94 Cal.App.5th 764, 776–777 (*Association for Los Angeles Deputy Sheriffs*).)

## DISCUSSION

We conclude the trial court did not err in ruling that there is "a slight degree of procedural unconscionability attributable to the adhesive nature of the agreement," and that "there are three substantively unconscionable components of the arbitration agreement—the lack of mutuality on equitable and injunctive relief claims; the one-year limitations period; and the waiver of representative PAGA claims." (Fn. omitted.) (Discussion, parts B–C, *post*.) Further, Muscolino fails to demonstrate the trial court abused its discretion in declining to sever the unconscionable terms from the Agreement and, thus, refusing to compel arbitration of Mena's UCL claim. (Discussion, part D, *post*.) In light of these conclusions, we do not address Mena's other arguments in support of the trial court's ruling, although we do not condone his reliance on withdrawn case authority and an obviously inapplicable statute in making these arguments.[5]

---

[5] Mena argues (1) he was deprived of a meaningful opportunity to negotiate the Agreement; (2) Muscolino failed to explain the provisions of the Agreement to him; (3) Muscolino failed to attach the arbitral forum's rules to the Agreement and designate clearly which rules govern; (4) the Agreement requires Mena to pay the mediator's and arbitrator's fees; (5) "the Agreement's complex, three-step process" for dispute resolution "demonstrates significant substantive unconscionability"; and (6) Mena's UCL cause of action falls beyond the scope of the Agreement. (Some capitalization omitted.)

In connection with argument (1) above, Mena relies on Labor Code section 432.6. This provision does not apply because

8

Before reviewing the trial court's rulings, we discuss the appealability of the May 19, 2022 order and the scope of our review.

## A. Appealability and Scope of Appellate Review

In its notice of motion, Muscolino sought an order "compelling arbitration of [Mena's] individual claims, dismissing class claims, and . . . stay[ing] the action pending resolution of the arbitration." In its order, the trial court denied Muscolino's motion to compel arbitration. Although the court did not state that it was denying Muscolino's motion to dismiss the class claims and stay the action pending arbitration, the parties proceed on the assumption that the court denied the entirety of Muscolino's motion.

---

Mena executed the Agreement in 2017 and left Muscolino later that year. (See Lab. Code, § 432.6, subd. (h) ["This section applies to contracts for employment entered into, modified, or extended on or after January 1, *2020*," italics added].) Further, Mena supports his assertion that the FAA does not preempt Labor Code section 432.6 with a citation to a Ninth Circuit opinion that was withdrawn nearly a year before Mena filed his respondent's brief. (Citing *Chamber of Commerce of the United States v. Bonta* (9th Cir. 2021) 13 F.4th 766, 772, 780, *opinion withdrawn by Chamber of Commerce of the United States v. Bonta* (9th Cir. 2022) 45 F.4th 1113 [Aug. 22, 2022 order].) Nearly six months before Mena filed his respondent's brief, the Ninth Circuit reversed course and held that the FAA preempts Labor Code section 432.6. (See *Chamber of Commerce of the United States v. Bonta* (9th Cir. 2023) 62 F.4th 473, 478–481, 490 [Feb. 15, 2023 opinion holding that the legislation that added Lab. Code, § 432.6 is preempted by the FAA].)

9

"The denial of a motion to compel arbitration is an appealable order." (*Hernandez v. Ross Stores, Inc.* (2016) 7 Cal.App.5th 171, 176; see also Code Civ. Proc., § 1294, subd. (a) ["An aggrieved party may appeal from: [¶] . . . An order . . . denying a petition to compel arbitration."].) Muscolino does not argue that the court's implicit denial of its requests to dismiss the class claims and stay the action is appealable as well.

We need not decide whether those other aspects of the trial court's ruling are directly appealable. Although Muscolino asks us to instruct the trial court to grant the motion, Muscolino does not clarify whether that would entail the dismissal of the class claims and a stay of the action. In its briefing below, Muscolino suggested that its entitlement to an order dismissing the class claims and staying the action was predicated on Muscolino's position that the Agreement "passes 'muster' as to enforceability." Because we affirm the trial court's ruling that the Agreement is unenforceable (Discussion, parts B–D, *post*), any challenge to the court's refusal to dismiss the class claims and stay the proceedings is now moot.

## B. The Agreement Is Procedurally Unconscionable to a Limited Degree

The trial court ruled "[t]here is . . . a slight degree of procedural unconscionability attributable to the adhesive nature of the agreement" because Muscolino presented the instrument to Mena "on a take-it-or-leave-it basis," meaning "[t]here was no meaningful choice on the part of [Mena]." We agree. (See *Serpa v. California Surety Investigations, Inc.* (2013) 215 Cal.App.4th 695, 704 ["It is well settled that adhesion contracts in the employment context, that is, those contracts offered to employees on a take-it-or-leave-it basis, typically

10

contain some aspects of procedural unconscionability. . . . [¶] . . . When, as here, there is no other indication of oppression or surprise, 'the degree of procedural unconscionability of an adhesion agreement is low . . . .' "].)

Muscolino does not contest the trial court's characterization of the Agreement as an adhesion contract, but cites *Roman v. Superior Court* (2009) 172 Cal.App.4th 1462, for the proposition that "in the employment context, '[t]he adhesive nature of the contract will not always make it procedurally unconscionable.' " (Quoting *Roman*, *supra*, 172 Cal.App.4th at p. 1470, fn. 2.) Muscolino, however, overlooks the next sentence in *Roman*, in which the court limited its observation to relationships where "bargaining power is not grossly unequal and reasonable alternatives exist . . . ." (See *Roman*, at p. 1470, fn. 2.) Muscolino fails to connect *Roman*'s observation with the facts before us; Muscolino does not contend that Mena had bargaining power or reasonable alternatives. Accordingly, Muscolino fails to demonstrate the trial court erred in concluding that the Agreement is minimally procedurally unconscionable. (See *Golden Door Properties, LLC v. County of San Diego* (2020) 50 Cal.App.5th 467, 554–555 (*Golden Door Properties, LLC*) [" 'Even when our review on appeal "is de novo, it is limited to issues which have been *adequately* raised and supported in [the appellant's opening] brief[,]" ' " italics added].)

**C. Three Provisions of the Agreement Are Substantively Unconscionable**

*1. The provision that allows Muscolino, but not Mena, to litigate claims for equitable relief is unconscionable*

Although the Agreement requires that "any . . . claim[ ] for which the employee has an alleged cause of action" "arising out of or relating to [the employee's] employment relationship with" Muscolino be submitted to binding arbitration, certain claims unique to Muscolino are excluded: "Claims covered by this Agreement do not include: [¶] . . . [¶] A claim by [Muscolino] for injunctive or other equitable relief, including without limitation claims for unfair competition and the use or unauthorized disclosure of trade secrets or confidential information, for which [Muscolino] may seek and obtain relief from a court of competent jurisdiction . . . ." The Agreement does not similarly provide that Mena may litigate his claims for injunctive or other equitable relief against Muscolino in a court of competent jurisdiction.

In its opening brief, Muscolino argues, without any supporting analysis or citation to authority, that this "carve-out for injunctive or other equitable relief sought by Muscolino . . . does not make the agreement so one-sided as to 'shock the conscience' or 'unfairly one-sided.' " Yet, Muscolino offers no justification for requiring Mena to submit his claims for equitable relief to binding arbitration while it is free to pursue equitable claims against Mena in a judicial forum. "While a contract ' " 'can provide a "margin of safety" that provides the party with superior bargaining strength a type of extra protection for which it has a legitimate commercial need without being unconscionable' " ' [citation]," an arbitration agreement's carve-out for an employer's claims *that lacks any justification* and is "not limited to

12

provisional judicial remedies" is substantively unconscionable. (See *Farrar v. Direct Commerce, Inc.* (2017) 9 Cal.App.5th 1257, 1263, 1273 (*Farrar*); see also *Lange, supra*, 46 Cal.App.5th at p. 447 [" ' "[U]nconscionability turns not only on a 'one-sided' result, but also on an absence of 'justification' for it . . . ." ' "].) Thus, the trial court did not err in concluding that this one-sided clause is unconscionable.

In a footnote in its reply brief, Muscolino suggests the Agreement's carve-out for Muscolino's equitable relief claims has "no bearing on the present dispute whatsoever" because Mena does not seek injunctive relief. This argument fails for three reasons. First, Muscolino did not make this argument in its opening brief.[6] Second, in claiming the carve-out is immaterial because Mena has not prayed for injunctive relief, Muscolino ignores that (1) the Agreement excludes Muscolino's claims for "injunctive *or other equitable* relief" (italics added); and (2) Mena does seek equitable relief, which is the only type of relief available to him on a UCL cause of action.[7] Third, because Civil Code section 1670.5 requires a court to determine whether a

---

**6** (See *Golden Door Properties, LLC, supra*, 50 Cal.App.5th at p. 518 [" ' " 'Obvious considerations of fairness in argument demand that the appellant present all of his points in the opening brief.' " ' "].)

**7** (See *Hambrick v. Healthcare Partners Medical Group, Inc.* (2015) 238 Cal.App.4th 124, 132, 155 [noting that the UCL "provide[s] for only equitable relief, specifically injunctive relief and restitution"].)

13

contract was unconscionable at the time the agreement was made, it is irrelevant that Mena has not sought injunctive relief.[8]

In sum, the Agreement's carve-out for Muscolino's injunctive or other equitable claims is substantively unconscionable.

2.      *The one-year limitations period in the Agreement's informal dispute resolution provision is unconscionable because it is unfairly one-sided*

Although the Agreement provides that Mena and Muscolino "agree to make good faith efforts at resolving any dispute internally on an informal basis through . . . management channels" "[a]s a prerequisite for submitting an employment dispute to mediation and, if necessary, arbitration," the contract includes a prerequisite applicable only to Mena: "[Mena] must notify [Muscolino's] Human Resources of any claim as soon as possible after [Mena] first knew or should have known of the facts giving rise to the claim and any claim must be presented to Human Resources by this procedure within one year of that time or it shall be deemed invalid."

The trial court found that this provision "gives [Mena] essentially a one-year statute of limitations on his UCL claim, which, if heard in court, has a four (4) year statute of limitations." The court further observed, "Most of the underlying

_____

[8]  (See Civ. Code, § 1670.5, subd. (a); cf. *Najarro v. Superior Court* (2021) 70 Cal.App.5th 871, 882–883 [in assessing whether a waiver of PAGA claims in an arbitration agreement was substantively unconscionable, the Court of Appeal explained it was "irrelevant that [the plaintiffs] ha[d] not brought a PAGA action"].)

14

wage-and-hour claims, premised on violations of the . . . Labor Code, have three-year statutes of limitations. The one-year limitations period stands to significantly restrict [Mena's] rights, and is substantively unconscionable."

Muscolino does not challenge the trial court's findings that Mena's UCL claim would be subject to a four-year statute of limitations if heard in court, or that most of his predicate Labor Code claims would have a three-year statute of limitations. Instead, Muscolino characterizes the one-year limitation as "an internal resolution procedure" that is "intended to address potential disputes first through internal measures expeditiously and in no way impacts the legal statute of limitations related to the applicable substantive law."

Muscolino, however, overlooks the text providing that his claims "shall be deemed invalid" if he does not present them to Human Resources "within one year of" when he "knew or should have known of the facts giving rise to the claim[s] . . . ." (See Code Civ. Proc., § 1858 ["In the construction of a[n] . . . instrument, the office of the Judge is . . . not to insert what has been omitted, or to omit what has been inserted . . . ."].) Muscolino also does not proffer any explanation for shortening by several years the limitations periods on Mena's UCL claim and its predicate Labor Code violations. (See *Lange, supra,* 46 Cal.App.5th at p. 447 [indicating that whether a one-sided term is unconscionable depends on whether there exists an adequate justification for it].) Accordingly, Muscolino fails to show the court erred in finding this provision unconscionable. (See *Nyulassy v. Lockheed Martin Corp.* (2004) 120 Cal.App.4th 1267, 1271, 1273–1274 & fn. 4, 1282–1283, 1287–1288 [holding that an arbitration agreement was substantively unconscionable

15

because, among other reasons, the agreement shortened the limitations periods on the employee's—but not his employer's—claims].)

### 3. Part of the PAGA waiver is unenforceable under the applicable case authority

The Agreement states in pertinent part: "Because [Muscolino] is providing the [Mediation and Arbitration] Procedure as a streamlined means to deal with disputes, there will be no right or authority for any claim to be brought, heard or arbitrated as a class, collective or representative action or other federal, state or local statu[t]e or ordinance or similar [*sic*] effect. . . . I understand, however, that to the maximum extent permitted by law, I retain the right to bring claims in arbitration, including PAGA claims, for myself as an individual, and only for myself."

The trial court concluded that the portion of this provision that "purports to waive [Mena's] right to bring a representative PAGA claim" "in any forum" is unenforceable under *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348.

Muscolino acknowledges that this part of the Agreement "purports to waive [Mena's] ability to bring a representative PAGA claim." Muscolino nonetheless apparently contends that because the instant Agreement does not contain a "wholesale waiver of PAGA actions," given that it waives only representative/non-individual PAGA claims, the United States Supreme Court's decision in *Viking River Cruises, Inc. v. Moriana* (2022) 142 S.Ct. 1906 (*Viking River Cruises*), establishes "there is

16

no 'invalid' PAGA waiver and no void or unenforceable provision to be severed . . . ."**9**

Muscolino misreads *Viking River Cruises*. Our high court explained that *Viking River Cruises* has left "intact" *Iskanian*'s holding that an agreement "compel[ling] waiver of claims on behalf of other employees (i.e., [representative/]non-individual claims)" is unenforceable because it " 'frustrates the PAGA's objectives.' [Citations.]" (See *Adolph, supra*, 14 Cal.5th at pp. 1117–1118.) We are bound by our high court's interpretation of *Viking River Cruises*. (See *People v. Madrid* (1992) 7 Cal.App.4th 1888, 1895 ["[W]e are bound by decisions of the United States Supreme Court [citation] and, of course, by California Supreme Court cases interpreting those decisions."].)

Additionally, our Supreme Court has rejected *Viking River Cruise*'s holding that "an aggrieved employee who has been compelled to arbitrate individual [PAGA] claims" loses "statutory standing to pursue [representative/]non-individual 'PAGA claims . . .' [citation] . . . ." (See *Adolph, supra*, 14 Cal.5th at pp. 1114, 1119; see also *id.* at p. 1119 ["Because '[t]he highest court of each State . . . remains "the final arbiter of what is state law" ' [citation], we are not bound by the high court's interpretation of California law."].) Thus, Mena's contractual

---

**9** *Viking River Cruises* refers to "alleged Labor Code violations personally sustained by a PAGA plaintiff" as " 'individual' claims" and Labor Code violations sustained by other employees as " 'non-individual' claims . . . ." (See *Adolph v. Uber Technologies, Inc.* (2023) 14 Cal.5th 1104, 1113–1114 (*Adolph*) [describing *Viking River Cruises*].) *Iskanian* refers to non-individual claims as "representative" claims. (See *Adolph*, at pp. 1117–1118, italics omitted.)

obligation to submit individual PAGA claims to arbitration does not deprive him of statutory standing to raise representative/non-individual PAGA claims against Muscolino.

Lastly, insofar as Muscolino argues that the Agreement's waiver of representative/non-individual PAGA claims is not unconscionable because Mena has not asserted any such claims in this action, we have already rejected that contention as irrelevant. (See fn. 8 & accompanying text, *ante*.)

In sum, we conclude that the Agreement's waiver of Mena's right to pursue representative/non-individual PAGA claims is substantively unconscionable.

## D. Muscolino Fails To Demonstrate the Trial Court Abused Its Discretion in Not Severing the Substantively Unconscionable Terms

The final page of the Agreement includes the following severability clause: "In the event that any provision of this Agreement is determined to be invalid or void, that shall not affect or invalidate the rest of our Agreement which shall continue in full force and effect."

In determining whether to sever substantively unconscionable terms, " '[c]ourts are to look to the various purposes of the contract' . . . . [Citation.] 'If the central purpose of the contract is tainted with illegality, then the contract as a whole cannot be enforced. If the illegality is collateral to the main purpose of the contract, and the illegal provision can be extirpated from the contract by means of severance or restriction, then such severance and restriction are appropriate.' [Citation.]" (See *Lange*, *supra*, 46 Cal.App.5th at p. 454.) " 'An arbitration agreement *can* be considered permeated by unconscionability if it "contains more than one unlawful provision . . . ." ' [Citation.] . . .

18

But the presence of multiple unconscionable clauses is merely *one factor* in the trial court's inquiry; it is *not* dispositive." (*Ibid.*)

In its opening appellate brief, Muscolino does not argue the three substantively unconscionable provisions are collateral to the main purpose of the Agreement. In that appellate brief, Muscolino does not address whether these provisions could be " 'extirpated from the contract by means of severance or restriction . . . .' [Citation.]" (See *Lange, supra,* 46 Cal.App.5th at p. 454.) Instead, it announces, with no supporting analysis, that "any provision that is deemed unconscionable . . . should be severed and the rest of the Arbitration Agreement remain enforceable."

In its reply brief, and for the first time, Muscolino: (1) complains "the trial court failed to perform *any* meaningful severability analysis;" (2) suggests " 'the court's decision [was] influenced by an erroneous understanding of applicable law," that is, " 'severance is not proper when there [is] more than one unlawful provision[ ] in a contract' "; (3) "[t]he heart of the arbitration agreement is the covered claims provision" in which "the parties agreed that the panoply of likely employment-related claims . . . should be decided by" arbitration; and (4) the carve-out provision for Muscolino's claims is similar to a provision the Court of Appeal found was severable in *Farrar*.

Because Muscolino did not raise these contentions in its opening brief, we may disregard them. (See *Golden Door Properties, LLC, supra,* 50 Cal.App.5th at p. 518.) In addition, Muscolino's belated arguments are meritless.

It is true that the trial court's order does not detail its severability analysis. Muscolino, however, does not cite any authority requiring such particularity. (See *Hernandez v. First*

19

*Student, Inc.* (2019) 37 Cal.App.5th 270, 277 (*Hernandez*) ["We may and do 'disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt.' "].)

Regarding Muscolino's claim that the trial court misapprehended the scope of its authority, "we [normally] . . . presume the trial court was aware of and understood the scope of its authority and discretion under the applicable law." (See *Barriga v. 99 Cents Only Stores LLC* (2020) 51 Cal.App.5th 299, 333–334 (*Barriga*).) " 'If the record *affirmatively shows*' " that the court's " 'decision [was] influenced by an erroneous understanding of applicable law[,]' " however, "the presumption has been rebutted, and the order must be reversed." (See *id.* at p. 334, italics added.)

To rebut this presumption, Muscolino intimates "the trial court [had] been led astray by [Mena's] citations" to authority suggesting that a court may not sever more than one substantively unconscionable term from a contract. Muscolino provides no record citation to support this assertion, and our appellate record does not contain Mena's opposition to Muscolino's motion. In its May 19, 2022 order, the trial court did not assert that the presence of more than one defective contract term barred the court from enforcing the Agreement. Muscolino thus fails to demonstrate affirmatively that the court's decision was predicated on an error of law. (See *Barriga, supra,* 51 Cal.App.5th at pp. 333–334; see also *Association for Los Angeles Deputy Sheriffs*, *supra*, 94 Cal.App.5th at p. 777 [holding that an appellant must affirmatively demonstrate error].)

20

Muscolino's next contention is perplexing. Muscolino concedes that the covered claims provision is "[t]he heart of the arbitration agreement," yet fails to explain why the carve-out for Muscolino's claims for injunctive or other equitable relief against Mena is nonetheless collateral to the main purpose of the contract. We thus do not address this argument further. (See *Hernandez*, *supra*, 37 Cal.App.5th at p. 277.)

We also fail to discern *Farrar's* relevance to our review of the trial court's finding that the Agreement is permeated with unconscionability. The employee in *Farrar* had significant bargaining power and was presumably familiar with the importance of confidentiality agreements to employers in the technology sector. The defendant-employer was a national developer and marketer of software; the employee was defendant's former vice-president of development and an experienced executive in technology companies before her employment with defendant. (*Farrar*, *supra*, 9 Cal.App.5th at p. 1261.) The employee had actively negotiated her job responsibilities and compensation package. (See *id.* at pp. 1261–1262.) The draft and final offer letters each contained an arbitration provision, albeit not identical ones; the arbitration clause in the final offer letter excluded from arbitration claims "based on or related to" a separate assignment of inventions and confidentiality agreement. (See *id.* at pp. 1261–1263.)

In concluding that this carve-out was severable from the remainder of the arbitration agreement, *Farrar* explained that severance would not "result in an agreement contrary to that intended by" the employer because the employer "retain[ed] its statutory rights under the Code of Civil Procedure section 1281.8, subdivision (b) to seek provisional judicial remedies pending

21

arbitration, satisfying any need for 'quick judicial intervention' to 'safeguard' its 'proprietary information.' " (See *Farrar*, *supra*, 9 Cal.App.5th at p. 1275.)

The *Farrar* court found significant that "the arbitration provision in th[at] . . . case [was] afflicted with only one substantively unconscionable provision, the exception for claims arising from the confidentiality agreement . . . ." (See *Farrar*, *supra*, 9 Cal.App.5th at pp. 1274–1275.) Under these circumstances, *Farrar* concluded that severing the carve-out would not have " ' reformed' " the parties' agreement, and the trial court abused its discretion in not severing that provision and refusing to enforce the arbitration agreement. (*Id*. at p. 1275.)

In contrast, Muscolino does not direct us to evidence that Mena had any bargaining power or access to reasonable alternatives. (See Discussion, part B, *ante*.) Furthermore, excluded from the instant Agreement are "claim[s] by [Muscolino] for injunctive or other equitable relief, *including without limitation* claims for unfair competition and the use or unauthorized disclosure of trade secrets or confidential information . . . ." (Italics added.) Because of the breadth of this provision, we cannot conclude that it was merely collateral to the main purpose of the contract, e.g., it is not apparent the availability of provisional judicial remedies would have been an adequate substitute for this provision. Nor is Muscolino's willingness now to sever this carve-out pertinent.[10] Also, in

_____

**10** (See *Ramos v. Superior Court* (2018) 28 Cal.App.5th 1042, 1069 ["[A party's] willingness to have the court sever the invalid clauses is insufficient to save [an] agreement. . . . ' . . . Such a willingness "can be seen, at most, as an offer to modify the contract; an offer that was never accepted. No existing rule of

22

further contrast to *Farrar*, the carve-out is but one of three substantively unconscionable provisions evidencing an effort to impose an inferior forum on an employee.  (See *Lange, supra,* 46 Cal.App.5th at p. 454; Discussion, parts C.2–C.3, *ante*.)

In conclusion, Muscolino has not shown the trial court abused its discretion in finding "the agreement is [so] permeated with unconscionability" as to prevent its enforcement.

## DISPOSITION

We affirm the trial court's May 19, 2022 order denying defendant and appellant Muscolino Inventory Services, Inc.'s motion to compel arbitration.  Plaintiff and respondent Andy Mena is awarded his costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

BENDIX, Acting P. J.

We concur:

CHANEY, J.                    WEINGART, J.

---

contract law permits a party to resuscitate a legally defective contract merely by offering to change it." ' "].)